JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation | EMC CORPORATION, a Massachusetts corporation, and DOES 1-10, inclusive |

| (b) County of Residence of First Listed Plaintiff __France__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed __Middlesex County, MA__<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Amar L. Thakur, Esq.; Beni Surpin, Esq.;<br>Jon E. Maki, Esq.; Nicole M. Lee, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>A Limited Liability Partnership, Including Professional Corporations<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130;  Tel: (858) 720-8900;  Fax: (858) 509-3691<br><br>Nathaniel Bruno, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111;  Tel: (415) 434-9100;  Fax: (415) 434-3947 | Attorneys (If Known) |
|---|---|

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury— Med. Malpractice<br>[ ] 365 Personal Injury — Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[x] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 440 Other Civil Rights | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1114

Brief description of cause:
Trademark Infringement and Unfair Competition

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

American LegalNet, Inc. | www.USCourtForms.com

DATE
February 28, 2007                    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.   www.USCourtForms.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  AMAR L. THAKUR, CAL. BAR NO. 194025
   BENI SURPIN, CAL. BAR NO. 216386
2  JON E. MAKI, CAL. BAR NO. 199958
   NICOLE M. LEE, CAL. BAR NO. 222344
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
4  Including Professional Corporations
   12275 El Camino Real, Suite 200
5  San Diego, California  92130
   Telephone:    858-720-8900
6  Facsimile:    858-509-3691

7  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   NATHANIEL BRUNO, Cal. Bar No. 228118
8  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111
9  Telephone:    415-434-9100
   Facsimile:    415-434-3947

10

   Attorneys for Plaintiffs
11 InfoVista S.A. and InfoVista Corporation

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14 INFOVISTA S.A., a foreign corporation, and      CASE NO.
   INFOVISTA CORPORATION, a Delaware
15 corporation,                                     **Complaint for Damages and Injunctive
                                                    Relief for:**
16                    Plaintiffs,
                                                    **(1) FEDERAL TRADEMARK
17          v.                                      INFRINGEMENT [15 U.S.C. § 1114(1)];**

18 EMC CORPORATION, a Massachusetts                 **(2) FEDERAL UNFAIR COMPETITION
   corporation, and DOES 1-10, inclusive;          AND FALSE DESIGNATION OF ORIGIN
19                                                  [15 U.S.C. § 1125]**
                   Defendants.
20                                                  **(3) UNFAIR COMPETITION AND
                                                    FALSE DESIGNATION OF ORIGIN
21                                                  [California Business & Professions Code §§
                                                    17200 and 17500]; and**
22
                                                    **(4) TRADEMARK INFRINGEMENT
23                                                  [California Common Law];**

24                                                  **REQUEST FOR JURY TRIAL.**

25

26

27

28

# I.

# INTRODUCTION

1.     This Complaint seeks injunctive relief and monetary damages with respect to the infringement and unfairly competitive use of InfoVista S.A.'s and InfoVista Corporation's (collectively "Plaintiffs" or "InfoVista") trademarks by defendant EMC Corporation ("Defendant").  The purpose of this Complaint is to prevent Defendant from continuing to infringe and wrongfully use a confusingly similar product name and to prevent its intentional and unfairly competitive association between itself and Plaintiffs.

# II.

# JURISDICTION AND VENUE

2.     This Northern District of California has subject matter jurisdiction over this matter pursuant to:  (1) 28 U.S.C. § 1331, as this action arises out of the laws of the United States of America; (2) 15 U.S.C. § 1121, as this action involves claims under the Lanham Act of 1946, as amended, 15 U.S.C. §1051 et seq.; and (3) 28 U.S.C. § 1338(a) and (b), as this action arises in part under an Act of Congress relating to trademarks and involves a substantial and related claim of unfair competition under federal law.  This Court has supplemental jurisdiction over the third and fourth claims pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims for relief that they form part of the same case or controversy under Article III of the United States Constitution.

3.     This Court has personal jurisdiction over Defendant in this action and venue is proper in this judicial district because, as alleged below: (a) Defendant engages in substantial business within this forum amounting to sufficient minimum contacts, including, but not limited to, the sale and delivery of its offending products into California and, on information and belief, into this judicial district; (b) the harm caused to Plaintiffs by the acts and omissions of

-1-

1  Defendant was targeted by Defendant at Plaintiffs and designed to impact Plaintiffs in this

2  judicial district; and (c) a substantial part of the acts or omissions giving rise to the asserted

3  claims occurred or had effects in this judicial district.  On information and belief, Defendant has

4  infringed Plaintiffs' trademarks and unfairly competed with Plaintiffs via the Internet and

5  otherwise, in the United States on a national basis, including this judicial district.

6

7                                    **III.**

8                     **INTRADISTRICT ASSIGNMENT**

9

10            4.      Assignment on a District-wide basis is proper pursuant to the Northern

11  District's assignment plan and Civil L.R. 3-2(c) because this is an intellectual property action.

12

13                                    **IV.**

14                      **PARTY ALLEGATIONS**

15

16            5.      Plaintiff InfoVista S.A. is a foreign corporation with its principal place of

17  business located at 6, rue de la Terre de Feu, 91940 Les Ulis, France.

18

19            6.      Plaintiff InfoVista Corporation is a Delaware corporation with its principal

20  place of business located at 12950 Worldgate Drive, Suite 250, Herndon, VA  20170.

21

22            7.      Defendant EMC Corporation is a Massachusetts corporation with its

23  principal place of business located at 176 South Street, Hopkinton, Massachusetts 01748.  On

24  information and belief, EMC Corporation is licensed to do business in California as "EMC

25  Peripherals Inc."  On information and belief, defendant EMC Corporation has offices located at

26  505 Sansome Street, Suite 502, San Francisco, CA  94111; 395 Oyster Point Boulevard, Suite

27  300, S. San Francisco, CA  94080; 25 Metro Drive, San Jose, CA  95110; 2841 Mission College

28  Boulevard, Santa Clara, CA  95054; 3003 Oak Road, 3rd Floor, Walnut Creek, CA  94597; 2740

-2-

1   Zanker Road, San Jose, CA 95134; 3145 Porter Drive, Palo Alto, CA  94304; 6801 Koll Center

2   Parkway, Pleasanton, CA  94566; and 226 Airport Parkway, CA, Suite 630, San Jose, 95110.  On

3   information and belief, Defendant provides an array of business software products, among other

4   things, and advertises its products via the Internet through its Web site at www.emc.com,

5   television, and print advertisement, among other media.

6

7           8.      Plaintiffs do not know the true names and capacities, whether individuals,

8   corporations, partnerships, joint ventures, or otherwise of defendant DOES 1-10, inclusive.

9   Plaintiffs are informed and believe, and on that basis allege, that each fictitious defendant was in

10  some way responsible for, participated in, or contributed to the matters and things of which

11  Plaintiffs complain, and in some fashion, has legal responsibility.  When the exact nature and

12  identity of such fictitious defendants or defendants' responsibility for participation and

13  contribution to the matters and things alleged in this Complaint is ascertained, Plaintiffs will seek

14  leave to amend this Complaint.

15

16                                  **V.**

17                       **GENERAL ALLEGATIONS**

18

19          9.      InfoVista S.A. was founded in 1985 under the name "MFI" and then

20  changed its name to InfoVista in April 1996.  InfoVista Corporation began operation in the

21  United States in 1997.  Plaintiffs design, develop and market technologically advanced software

22  which monitors, analyzes and reports on the performance and quality of service of IT

23  infrastructure, including networks, servers and applications.  Plaintiffs' products help customers

24  monitor and optimize the quality of IT services that they are providing to their internal or external

25  clients, primarily around the network and system infrastructure.

26

27          10.     Plaintiffs have been in business more than a decade using their company

28  name InfoVista throughout that time.  Plaintiffs' primary mark, "INFOVISTA" (Registration No.

-3-

1   2,120,954) is an incontestable mark under 15 U.S.C. § 1065 as the trademark has been in

2   continuous use for five consecutive years following federal registration in 1997 and is still in

3   commercial use today as set forth in the Section 8 and 15 affidavits filed with the United States

4   Patent and Trademark Office ("USPTO").

5

6          11.    As Plaintiffs' business has thrived and they have developed more and more

7   products, they named those products using Vista as the dominant feature of the product name.

8   Essentially all of InfoVista's product names contain the word "Vista" creating a recognizable

9   common characteristic so that the purchasing public recognizes that the product is an InfoVista

10  good. InfoVista S.A. offers a line of products for various services including but not limited to

11  VistaOperation Center, Vista Troubleshooter, VistaPortal, VistaLink, VistaNext, Vista Plug-In,

12  VistaBridge, VistaProvisioner, VistaCockpit, VistaDiscovery, VistaCapacity Planner,

13  VistaService Manager, VistaInsight and VistaWatch Marks.

14

15         12.    Plaintiffs have promoted their products with the dominant feature of

16  "Vista" under trademarked product names (the "Vista Family of Marks") as early as 2001, and

17  their use of the Vista Family of Marks in interstate commerce has been continuous since that

18  date. Furthermore, Plaintiffs have continued to add products and marks to their family of marks,

19  all of which contain the dominant feature of "Vista" in their names.

20

21         13.    InfoVista S.A. has registered trademark protection for its product names to

22  protect the goodwill built up in the Vista Family of Marks. In accordance with the provisions of

23  federal law, InfoVista S.A. has registered the following marks with the USPTO in addition to the

24  "INFOVISTA" trademark/service mark (Registration No. 2,120,954) and "InfoVista" stylized

25  trademark (Registration No. 2,907,923):

26

27

28

-4-

| Registered Trademark | Registration Number | Date of Registration |
|---|---|---|
| VistaOperation Center (Stylized) | 3,113,409 | July 11, 2006 |
| VistaPortal (Stylized) | 2,608,731 | August 20, 2002 |
| VistaLink (Stylized) | 2,818,978 | March 2, 2004 |
| VistaNext (Stylized) | 2,773,323 | October 14, 2003 |
| VistaWatch (Stylized) | 3,060,534 | February 21, 2006 |
| VistaBridge (Stylized) | 2,804,303 | January 13, 2004 |
| VistaProvisioner (Stylized) | 2,816,467 | February 24, 2004 |
| VistaCockpit (Stylized) | 3,004,596 | October 4, 2005 |
| VistaDiscovery (Stylized) | 2,951,024 | May 17, 2005 |
| Vista Troubleshooter (Stylized) | 3,076,845 | April 4, 2006 |
| VistaCapacity Planner (Stylized) | 3,098,296 | May 30, 2006 |
| VistaService Manager (Stylized) | 3,073,700 | March 28, 2006 |
| VistaInsight (Stylized) | 3,060,533 | February 21, 2006 |
| Vista Plug-In (Stylized) | 2,839,578 | May 11, 2004 |
| VISTAVIEW | 2,791,758 | December 9, 2003 |
| VISTAMART | 2,442,528 | April 10, 2001 |

14.     Plaintiffs' products under the Vista Family of Marks are offered throughout the United States (including the Northern District of California) and the world by the Plaintiffs, and revenues from these goods have been significant. Further, Plaintiffs have spent significant time and effort and substantial sums of money promoting their products worldwide under the trade name InfoVista and the Vista Family of Marks.

COMPLAINT

1    15.    Plaintiffs market their products worldwide, but especially in the United

2  States, and primarily to corporate customers including but not limited to telecommunications

3  companies, Internet service providers and other IT-intensive organizations such as financial

4  service companies, outsourcers of IT services, application service providers and others.  Plaintiffs

5  advertise their products together through their Web sites located at www.infovista.com and

6  various other media.

7

8    16.    As a consequence of the extensive advertising and promotion and

9  widespread use of InfoVista and the Vista Family of Marks, Plaintiffs have developed recognition

10  for their company and products and have acquired and enjoy a valuable reputation and goodwill

11  from the registered marks individually and collectively in the Vista Family of Marks.  For

12  example, Plaintiffs have built a following of nearly 600 customers in more than 40 countries in

13  the Americas, Europe, Africa, the Middle East and Asia Pacific, including delivering solutions to

14  80% of the world's largest communication service providers and a host of global enterprises.

15

16    17.    Defendant represents itself as a company that delivers business software

17  products and services for businesses, among other things.

18

19    18.    In May 2005, Defendant released software entitled "Invista" that

20  Defendant touts as a "high-performance networked storage virtualization solution."  Defendant

21  has sold and continues to sell its "Invista" software product.

22

23    19.    Defendant's software name "Invista" is nearly identical to Plaintiffs'

24  incontestable mark "InfoVista" making it immediately reminiscent of and strikingly similar to

25  Plaintiffs' InfoVista mark.

26

27    20.    Defendant's software name "Invista" is also confusingly similar to

28  Plaintiffs' Vista Family of Marks.

-6-

1               21.     Defendant's "Invista" software name employs "vista" as a dominant

2   feature, making it immediately reminiscent of and strikingly similar to Plaintiffs' InfoVista mark

3   and Vista Family of Marks.

4

5               22.     Like Plaintiffs, Defendant displays its products and services on the Internet

6   through its company website.  On information and belief, Defendant also advertises its goods and

7   services in the same magazines and other media that Plaintiffs do.

8

9               23.     Defendant's use of Invista is confusingly similar to the registered

10   trademarks Plaintiffs use to advertise, market, and identify their software and services.  The

11   confusion is enhanced by the fact that, not only is Defendant's software name strikingly similar in

12   an aesthetic sense, but they both are being used to brand and market computer software in the

13   very same industry – namely computer software for business services.  Furthermore, Plaintiffs'

14   and Defendant's products are sold throughout the United States, and in many of the very same

15   geographic locations.  Also, both companies use the Internet and various other similar media

16   channels to market and promote their products.

17

18              24.     Defendant is selling its software bearing its confusingly similar name in

19   interstate commerce, including within and without California and, on information and belief, this

20   judicial district.

21

22              25.     The confusing similarity of Defendant's software's name to Plaintiffs'

23   marks is likely to cause actual confusion amongst the consuming public.  Both Plaintiffs and

24   Defendant are providing computer software products that assist companies in managing their IT

25   infrastructure.  Both display their products through the Internet and other media familiar to IT

26   professionals.  Defendant's use of its infringing software name creates a false and confusing

27   connection between its software to the software provided by Plaintiffs under their registered

28   trademarks.  Such confusion as to the origin of goods and services is likely to continue unless

-7-

1   enjoined and, on information and belief, has caused actual confusion among consumers as to the

2   source of Defendant's products and services.

3

4        26.    Defendant has notice of Plaintiffs' trademarks by virtue of their publication

5   and registration on the Principal Registry and Plaintiffs' marking of their trademarks pursuant to

6   35 U.S.C. § 1111.

7

8        27.    InfoVista S.A. has not licensed its registered trademarks to Defendant, nor

9   otherwise authorized Defendant to use its registered trademarks or Vista Family of Marks.

10

11       28.    On information and belief, Defendant has earned and will continue to earn

12  substantial revenues and profits from the sale of its new software using an infringing name that is

13  confusingly similar to Plaintiffs' federally-registered trademarks and Vista Family of Marks.

14

15       29.    Plaintiffs have been damaged by the conduct of Defendant in an amount

16  not yet known, and are entitled to restitution in the form of all revenues and profits generated by

17  Defendant's sales of its new software product using a confusingly similar mark. Plaintiffs will

18  continue to be damaged unless Defendant's use of its infringing product name is enjoined.

19

20  **FIRST CLAIM FOR RELIEF**

21  **[Federal Trademark Infringement Against Defendant (15 U.S.C. § 1114 et seq.)]**

22

23       30.    Plaintiffs reallege and incorporate herein by reference the allegations

24  contained in Paragraphs 1 through 29 of this Complaint, as set forth above.

25

26       31.    Defendant's conduct constitutes trademark infringement under 15 U.S.C. §

27  1114 et seq.

28

-8-

COMPLAINT

1       32.    Defendant's use of its confusingly similar name of its software in interstate

2   commerce constitutes trademark infringement, and engenders a belief by the consuming public

3   that Defendant's software is offered, sponsored, authorized, licensed by, or otherwise connected

4   with Plaintiffs or comes from the same source as Plaintiffs' software, and is of the same quality as

5   that assured by Plaintiffs' trademarks, which is false.

6

7       33.    Defendant's commercial activities using its confusingly similar software

8   name in connection with the advertising and sale of its software through the Internet and other

9   media similar to Plaintiffs have, on information and belief, caused actual confusion and are likely

10  to continue leading to and resulting in confusion, mistake, and/or deception, and are likely to

11  cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed, or are

12  otherwise connected or affiliated with Defendant's commercial and business activities, all to the

13  detriment and damage of Plaintiffs.

14

15      34.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

16  has willfully committed these acts of infringement including infringement of Plaintiffs' InfoVista

17  mark and/or their Vista Family of Marks to the injury and detriment of Plaintiffs.

18

19      35.    On information and belief, Defendant has derived substantial financial

20  benefit from its unlawful and infringing conduct with respect to Plaintiffs' registered trademarks.

21

22      36.    As a direct and proximate result of Defendant's unlawful acts as set forth

23  above, including the unauthorized use of Plaintiffs' InfoVista mark and/or the Vista Family of

24  Marks, Plaintiffs have suffered and will continue to suffer injury to their business, goodwill, and

25  property.

26

27      37.    Plaintiffs are entitled to recover from Defendant the damages they have

28  sustained and will sustain as a result of Defendant's wrongful conduct as alleged herein.

                                            COMPLAINT

1  Plaintiffs are further entitled to recover from Defendant the gains, profits and advantages that

2  Defendant has obtained as a result of the wrongful conduct alleged herein.  Plaintiffs at present

3  are unable to ascertain the full extent of their damages, or the gains, profits, and advantages that

4  Defendant has obtained by reason of the wrongful conduct described herein.

5

6      38.    Plaintiffs have no adequate remedy at law to compel Defendant to cease its

7  wrongful acts.  Unless Defendant is preliminarily and permanently enjoined from committing

8  these unlawful acts as set forth above, including the unauthorized use of the Plaintiffs' InfoVista

9  mark and/or the Vista Family of Marks in commerce, Plaintiffs will continue to suffer irreparable

10  harm.

11

12      39.    Plaintiffs are entitled, pursuant to 15 U.S.C. § 1116, to an injunction

13  restraining Defendant, its officers, agents and employees, and all persons acting in concert with

14  Defendant, from engaging in any further such acts of infringement in violation of the Lanham

15  Act.

16

17                    **SECOND CLAIM FOR RELIEF**

18        **[Unfair Competition And False Designation Of Origin (15 U.S.C. § 1125)]**

19

20      40.    Plaintiffs reallege and incorporate herein by reference the allegations

21  contained in Paragraphs 1 through 39 of this Complaint, as set forth above.

22

23      41.    Defendant's conduct constitutes federal unfair competition and false

24  designation of origin under 15 U.S.C. § 1125.

25

26      42.    Defendant's unauthorized use in commerce of software with a name that

27  infringes and/or is confusingly similar to Plaintiffs' InfoVista mark and/or the Vista Family of

28  Marks has and/or is likely to cause confusion, cause mistake, and/or to deceive as to an

-10-

1  affiliation, connection, or association of Defendant's software with Plaintiffs and their associated

2  goodwill or as to the origin, sponsorship, or approval of Defendant's goods, services, or

3  commercial activities by Plaintiffs in violation of 15 U.S.C. § 1125.

4

5          43.    Defendant's use of its infringing name creates a false and confusing

6  connection between its software product(s) to the software products provided by Plaintiffs under

7  their registered trademarks. Such confusion as to the origin of goods and services is likely to

8  continue unless enjoined and, on information and belief, has caused actual confusion among

9  consumers as to the source of Defendant's software and services.

10

11         44.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

12  has willfully engaged in the conduct described herein, intended to trade on Plaintiffs' reputation,

13  to misappropriate the InfoVista mark and/or Vista Family of Marks, and to cause injury to

14  Plaintiffs.

15

16         45.    As a direct and proximate result of Defendant's unlawful acts as set forth

17  above, including the unauthorized use of the Vista Family of Marks and/or the InfoVista

18  trademark in commerce, and the unauthorized reproduction and/or distribution of the InfoVista

19  trademark and/or the Vista Family of Marks, Plaintiffs have suffered and will continue to suffer

20  injury to their business, goodwill, and property in an amount not presently known.

21

22         46.    Plaintiffs have no adequate remedy at law. Unless Defendant is

23  permanently enjoined from committing these unlawful acts as set forth above, including the

24  unauthorized use of the InfoVista trademark and/or the Vista Family of Marks in commerce, and

25  the unauthorized reproduction and/or distribution of the InfoVista trademark and/or the Vista

26  Family of Marks, Plaintiffs will continue to suffer irreparable harm.

27

28

W02-WEST:6MAG1\400211884.4                                                    COMPLAINT

47.     Plaintiffs are entitled, pursuant to 35 U.S.C. § 1116, to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with Defendant, from engaging in any further such acts of unfair competition and false designation of origin in violation of 35 U.S.C. § 1125.

### THIRD CLAIM FOR RELIEF

**[Unfair Competition And False Designation Of Origin
(California Business & Professions Code §§ 17200 And 17500)]**

48.     Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 47 of this Complaint, as set forth above.

49.     Plaintiffs are informed and believe, and on that basis allege, that Defendant's unlawful acts as set forth above, including the unauthorized use of Plaintiffs' InfoVista mark and/or Vista Family of Marks, have a substantial effect on commerce, and constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200 and 17500, *et seq.*, of the California Business and Professions Code.

50.     Plaintiffs are informed and believe, and on that basis allege, that Defendant, in engaging in the conduct described herein, willfully intended to trade on Plaintiffs' reputation, to misappropriate the InfoVista trademark and/or Vista Family of Marks, and to cause injury to Plaintiffs.

51.     As a direct and proximate result of Defendant's unlawful acts as set forth above, including the unauthorized use of the InfoVista trademark and/or the Vista Family of Marks in commerce, and the unauthorized reproduction and/or distribution of the InfoVista trademark and/or the Vista Family of Marks, Plaintiffs have suffered and will continue to suffer injury to their business, goodwill, and property in an amount not presently known.

-12-

1       52.    Plaintiffs have no adequate remedy at law. Unless Defendant is

2    preliminarily and permanently enjoined from committing these unlawful acts as set forth above,

3    including the unauthorized use of the InfoVista trademark and/or the Vista Family of Marks in

4    commerce, and the unauthorized reproduction and/or distribution of the InfoVista trademark

5    and/or the Vista Family of Marks, Plaintiffs will continue to suffer irreparable harm.

6

7       53.    Plaintiffs are entitled, pursuant to California Business and Professions Code

8    §§ 17203 and 17535, to an injunction restraining Defendant, its officers, agents and employees,

9    and all persons acting in concert with Defendant, from engaging in any further such acts of unfair

10    competition and false designation of origin in violation of the California Business and

11    Professions Code.

12

13                   **FOURTH CLAIM FOR RELIEF**

14           **[Trademark Infringement (California Common Law)]**

15

16       54.    Plaintiffs reallege and incorporate herein by reference the allegations

17    contained in Paragraphs 1 through 53 of this Complaint, as set forth above.

18

19       55.    Defendant's unlawful use of the InfoVista trademark and/or the Vista

20    Family of Marks as alleged herein constitutes trademark infringement in violation of California

21    common law.

22

23       56.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

24    willfully engaged in the conduct described herein, willfully intended to trade on the reputation of

25    Plaintiffs and/or the InfoVista trademark and/or the Vista Family of Marks, and to cause injury to

26    Plaintiffs.

27

28

             COMPLAINT

1      57.    As a direct and proximate result of Defendant's unlawful acts as set forth

2   above, including the use of the InfoVista trademark and/or the Vista Family of Marks, Plaintiffs

3   have suffered and will continue to suffer injury to their business, goodwill, and property.

4

5      58.    Plaintiffs are entitled to recover from Defendant the damages they have

6   sustained and will sustain as a result of Defendant's wrongful conduct as alleged herein.

7   Plaintiffs are further entitled to recover from Defendant the gains, profits and advantages that

8   Defendant has obtained as a result of the wrongful conduct alleged herein. Plaintiffs at present

9   are unable to ascertain the full extent of their damages, or the gains, profits, and advantages that

10  Defendant has obtained by reason of the wrongful conduct described herein.

11

12     59.    Plaintiffs have no adequate remedy at law.  Unless Defendant is

13  permanently enjoined from committing these unlawful acts as set forth above, including the use

14  of the InfoVista trademark and/or the Vista Family of Marks, Plaintiffs will continue to suffer

15  irreparable harm.

16

17     60.    Plaintiffs are entitled, pursuant this Court's equitable powers, to an

18  injunction restraining Defendant, its officers, agents and employees, and all persons acting in

19  concert with Defendant, from engaging in any further such acts of infringement in violation of the

20  California common law.

21

22     61.    Plaintiffs are informed and believe, and on that basis allege, that in acting as

23  alleged herein Defendant has acted intentionally and despicably with oppression, fraud and

24  malice toward Plaintiffs.  Plaintiffs therefore are entitled to an award of punitive damages for the

25  sake of example and by way of punishing Defendant pursuant to California Civil Code § 3294.

26

27     //

28

COMPLAINT

1

## PRAYER FOR RELIEF

2   WHEREFORE, plaintiffs INFOVISTA, S.A. and INFOVISTA CORPORATION

3   ("Plaintiffs") pray for judgment against defendant EMC CORPORATION ("Defendant") as

4   follows:

5

6   (1)    That Defendant be held liable for infringement of Plaintiffs' registered

7   trademarks and Vista Family of Marks as well as for false designation of origin and unfair and

8   unlawful competition and business practices as set forth herein in violation of the federal Lanham

9   Act, 15 U.S.C. § 1125 *et seq*., as alleged herein;

10

11  (2)    That Defendant be held liable for trademark infringement, false designation

12  of origin, and unfair and unlawful competition and business practices in violation of the California

13  Business and Professions Code, as alleged herein.

14

15  (3)    That Defendant be held liable for trademark infringement in violation of the

16  California common law, as alleged herein.

17

18  (4)    That Defendant's unlawful conduct as alleged herein be deemed a willful

19  violation of Plaintiffs' intellectual property rights;

20

21  (5)    For a permanent injunction preventing Defendant from: (1) using Plaintiffs'

22  federally registered trademarks as set forth herein or any other confusingly similar marks in

23  connection with the advertising and sale of software products, IT-related products or any other

24  goods and/or services in commerce; (2) participating in, facilitating, materially contributing to,

25  and/or encouraging the unauthorized use Plaintiffs' federally registered trademarks or any other

26  confusingly similar marks in connection with the advertising and sale of IT-related products or

27  any other goods and/or services in commerce; (3) continuing to violate any rights of Plaintiffs in

28  their registered trademarks in any form and/or manner; and (4) engaging in any further unfair,

-15-

COMPLAINT

1  fraudulent, or unlawful act or practice relating to or affecting Plaintiffs or their customers or

2  prospective customers;

3

4          (6)    That Defendant, pursuant to 15 U.S.C. § 1116(a), be ordered to file with the

5  Court and to serve upon Plaintiffs, within thirty (30) days after service of an injunction order, a

6  report in writing under oath setting forth in detail the manner and form in which Defendant has

7  complied with the Court's order;

8

9          (7)    That the Court order an accounting of all gains, profits, and advantages

10  realized by Defendant, or others acting in concert or participation with it, from its unlawful

11  conduct, and that all such gains, profits, and advantages be deemed to be in constructive trust for

12  the benefit of Plaintiffs, at the sole cost and expense of Defendant, by means of an independent

13  accountant;

14

15          (8)    For compensatory damages sustained by Plaintiffs as a result of Defendant's

16  wrongful acts, and such other compensatory damages, including up to three times the amount of

17  actual damages and an adequate recovery based on Defendant's profits, as the Court determines to

18  be just pursuant to 15 U.S.C. § 1117;

19

20          (9)    That the Court declare this an exceptional case under the Lanham Act;

21

22          (10)    For an award of Plaintiffs' attorneys' fees and costs associated with this

23  litigation, including expert witness costs;

24

25          (11)    For an award of punitive damages for the sake of example and by way of

26  punishing Defendant pursuant to California Civil Code § 3294; and

27

28

-16-

1    (12)    For such other and further relief as this Court deems just and proper.

2

3  Dated: February 28, 2007

4

5                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6    By    _____

7                AMAR L. THAKUR
                BENI SURPIN
8                JON E. MAKI
                NICOLE M. LEE
9                NATHANIEL BRUNO

10                Attorneys for Plaintiffs
                InfoVista S.A. and InfoVista Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

W02-WEST:6MAG1\400211884.4                                    COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3          Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs INFOVISTA, S.A. and

4   INFOVISTA CORPORATION hereby demand a trial by jury on this Complaint as to all issues

5   that may be so tried.

6

7   Dated:  February 28, 2007

8

9

10                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                      By    _____

13                                   AMAR L. THAKUR
                                     BENI SURPIN
                                     JON E. MAKI
14                                   NICOLE M. LEE
                                     NATHANIEL BRUNO
15
                                     Attorneys for Plaintiffs
16                          InfoVista S.A. and InfoVista Corporation

17

18

19

20

21

22

23

24

25

26

27

28

-18-

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2

3          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than

4    the named parties, there is no such interest to report.

5

6    Dated:  February 28, 2007

7                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                    By        _____

10                                 AMAR L. THAKUR
                                   BENI SURPIN
11                                 JON E. MAKI
                                   NICOLE M. LEE
12                                 NATHANIEL BRUNO

13                              Attorneys for Plaintiffs
                                InfoVista S.A. and InfoVista Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-