CHRIS R. OTTENWELLER (STATE BAR NO. 73649)
ERIC L. WESENBERG (STATE BAR NO. 139696)
DANIEL J. WEINBERG (STATE BAR NO. 227159)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401
E-mail:       cottenweller@orrick.com
E-mail:       ewesenberg@orrick.com
E-mail:       dweinberg@orrick.com

Attorneys for Defendant
EMC Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION, a Massachusetts corporation, and DOES 1-10, inclusive;<br><br>Defendants. | Case No.  C-07-1197 MHP<br><br>**EMC'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant EMC Corporation ("EMC") answers the Complaint for Damages and Injunctive Relief filed by InfoVista S.A. and InfoVista Corporation (hereafter collectively referred to as "InfoVista") as follows:

## I.
## INTRODUCTION

1. EMC admits that this Complaint purports to seeks injunctive relief and monetary damages. Except as expressly admitted, EMC denies the allegations of Paragraph 1.

## II.
## JURISDICTION AND VENUE

2. EMC neither admits nor denies the averments contained in Paragraph 2 because those averments are conclusions of law to which no response is required. To the extent those averments may be deemed averments of fact, EMC admits that the Northern District of California has subject matter jurisdiction over this matter pursuant to: (1) 28 U.S.C. § 1331, because this action purports to arise out of the laws of the United States of America; (2) 15 U.S.C. § 1121, because this action purports to involve claims under the Lanham Act of 1946; and (3) 28 U.S.C. § 1338(a) and (b), because this action purports to arise in part under an Act of Congress relating to trademarks and purports to involve a substantial and related claim of unfair competition under federal law. Further, to the extent the averments of Paragraph 2 may be deemed averments of fact, EMC admits that this Court has supplemental jurisdiction over the third and fourth claims pursuant to 28 U.S.C. § 1367, because they purport to be so related to the federal claims for relief that they form part of the same case or controversy under Article III of the United States Constitution.

3. EMC neither admits nor denies the averments contained in Paragraph 3 because those averments are conclusions of law to which no response is required. To the extent those averments may be deemed averments of fact, EMC admits that this Court has personal jurisdiction over EMC in this action and venue is proper in this judicial district. Except as expressly admitted, EMC denies the allegations of Paragraph 3.

### III.
### INTRADISTRICT ASSIGNMENT

4. EMC neither admits nor denies the averments contained in Paragraph 4 because those averments are conclusions of law to which no response is required. To the extent those averments may be deemed averments of fact, EMC admits that assignment on a District-wide basis is proper pursuant to the Northern District's assignment plan and Civil L.R. 3-2(c) because this purports to be an intellectual property action.

### IV.
### PARTY ALLEGATIONS

5. EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 5.

6. EMC lacks sufficient information to admit or deny and on that basis denies the allegations in Paragraph 6.

7. EMC admits the allegations contained in the first three sentences of Paragraph 7. EMC further admits that it advertises it products via the Internet through its Web site at www.emc.com, and through television and print advertising, among other media. Except as expressly admitted, EMC denies the allegations of Paragraph 7. EMC provides products, services, and solutions for information management and storage.

8. EMC lacks sufficient information to admit or deny and on that basis denies the allegations in Paragraph 8.

### V.
### GENERAL ALLEGATIONS

9. EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 9.

10. EMC admits that InfoVista purports to be the owner of the trademark Registration No. 2,120,954. EMC further admits that trademark Registration No. 2,120,954 was registered as of December 16, 1997. Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 10.

1    11.    EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 11.

2    12.    EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 12.

3    13.    EMC admits that InfoVista purports to be the owner of the "InfoVista" trademark/service mark (Registration No. 2,120,954) and (Registration No. 2,907,923). EMC further admits that InfoVista purports to be the owner of the following registered trademarks:

| Registered Trademark | Registration Number | Date of Registration |
| --- | --- | --- |
| VistaOperation Center | 3,113,409 | July 11, 2006 |
| VistaPortal | 2,608,731 | August 20, 2002 |
| VistaLink | 2,818,978 | March 2, 2004 |
| VistaNext | 2,773,323 | October 14, 2003 |
| VistaWatch | 3,060,534 | February 21, 2006 |
| VistaBridge | 2,804,303 | January 13, 2004 |
| VistaProvisioner | 2,816,467 | February 24, 2004 |
| VistaCockpit | 3,004,596 | October 4, 2005 |
| VistaDiscovery | 2,951,024 | May 17, 2005 |
| Vista Troubleshooter | 3,076,845 | April 4, 2006 |
| VistaCapacity Planner | 3,098,296 | May 30, 2006 |
| VistaService Manager | 3,073,700 | March 28, 2006 |
| VistaInsight | 3,060,533 | February 21, 2006 |
| Vista Plug-In | 2,839,578 | May 11, 2004 |
| VISTAVIEW | 2,791,758 | December 9, 2003 |
| VISTAMART | 2,442,528 | April 10, 2001 |

Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 13.

14.    EMC lacks sufficient information to admit or deny and on that basis denies the

1   allegations of Paragraph 14.

2   15. EMC admits that InfoVista advertises various products through its Web site
3   located at www.infovista.com. Except as expressly admitted, EMC lacks sufficient information
4   to admit or deny and on that basis denies the allegations of Paragraph 15.

5   16. EMC lacks sufficient information to admit or deny and on that basis denies the
6   allegations of Paragraph 16.

7   17. EMC denies the allegations of Paragraph 17 because EMC represents itself as the
8   world leader in products, services, and solutions for information management and storage.

9   18. EMC admits that it has sold and continues to sell a product named "Invista," which
10  name is a registered trademark of EMC (Registration No. 3,220,649). EMC further admits that it
11  promotes its product named "Invista" as a "high-performance networked virtualization storage
12  solution." Except as expressly admitted, EMC lacks sufficient information to admit or deny and
13  on that basis denies the allegations of Paragraph 18.

14  19. EMC denies the allegations of Paragraph 19.

15  20. EMC denies the allegations of Paragraph 20.

16  21. EMC admits that the product name "Invista" includes the word "vista." Except as
17  expressly admitted, EMC denies the allegations of Paragraph 21.

18  22. EMC admits that it displays its products and services on the Internet through its
19  company Web site. EMC further admits that it advertises its goods and services in magazines and
20  other media. Except as expressly admitted, EMC lacks sufficient information to admit or deny
21  and on that basis denies the allegations of Paragraph 22.

22  23. EMC admits that it uses the product name "Invista" to brand and market computer
23  software, amongst other things; that its product named "Invista" is sold throughout the United
24  States; and that it uses the Internet and other media channels to market and promote the product
25  named "Invista." EMC also admits that InfoVista uses the Internet to market and promote a
26  variety of products. EMC lacks sufficient information to admit or deny and on that basis denies
27  the allegation that InfoVista sells products in the very same geographic locations as EMC and that
28  InfoVista markets and promotes its products in various other similar media channels as EMC.

1  Except as expressly admitted, EMC denies the allegations of Paragraph 23.

2      24.    EMC denies the allegations of Paragraph 24.

3      25.    EMC admits that it provides certain computer software products that assist companies in managing their IT infrastructure, and displays its products through the Internet and other media familiar to some IT professionals. EMC admits that InfoVista purports to provide certain computer software products that assist companies in managing their IT infrastructure and that InfoVista displays its products on the Web site www.infovista.com. EMC lacks sufficient information to admit or deny and on that basis denies that InfoVista displays its products in other media familiar to IT professionals. Except as expressly admitted, EMC denies the allegations of Paragraph 25.

    26.    EMC neither admits nor denies the averments contained in Paragraph 26 because those averments are conclusions of law to which no response is required. To the extent those averments may be deemed averments of fact, EMC admits that it purportedly has constructive notice of InfoVista's trademarks by virtue of their publication and registration on the Principal Registry. Except as expressly admitted, and to the extent InfoVista intended to refer to 15 U.S.C. § 1111 (instead of 35 U.S.C. § 1111), EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 26.

    27.    EMC admits that InfoVista has not licensed its registered trademarks to EMC. Except as expressly admitted, EMC denies the allegations of Paragraph 27.

    28.    EMC admits that it has earned revenue from the sale of its product named "Invista." Except as expressly admitted, EMC denies the allegations of Paragraph 28.

    29.    EMC denies the allegations of Paragraph 29.

**FIRST CLAIM FOR RELIEF**

**[Federal Trademark Infringement Against Defendant (15 U.S.C. § 1114 et seq.)]**

    30.    EMC refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-29 as if fully set forth herein.

    31.    EMC denies the allegations of Paragraph 31.

    32.    EMC denies the allegations of Paragraph 32.

| | | |
|---|---|---|
| 1 | 33. | EMC denies the allegations of Paragraph 33. |
| 2 | 34. | EMC denies the allegations of Paragraph 34. |
| 3 | 35. | EMC denies the allegations of Paragraph 35. |
| 4 | 36. | EMC denies the allegations of Paragraph 36. |
| 5 | 37. | EMC denies the allegations of Paragraph 37. |
| 6 | 38. | EMC denies the allegations of Paragraph 38. |
| 7 | 39. | EMC denies the allegations of Paragraph 39. |

## SECOND CLAIM FOR RELIEF

### [Unfair Competition And False Designation Of Origin (15 U.S.C. § 1125)]

40. EMC refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-39 as if fully set forth herein.

41. EMC denies the allegations of Paragraph 41.

42. EMC denies the allegations of Paragraph 42.

43. EMC denies the allegations of Paragraph 43.

44. EMC denies the allegations of Paragraph 44.

45. EMC denies the allegations of Paragraph 45.

46. EMC denies the allegations of Paragraph 46.

47. EMC denies the allegations of Paragraph 47.

## THIRD CLAIM FOR RELIEF

### [Unfair Competition And False Designation Of Origin

### (California Business & Professions Code §§ 17200 And 17500)]

48. EMC refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-47 as if fully set forth herein.

49. EMC denies the allegations of Paragraph 49.

50. EMC denies the allegations of Paragraph 50.

51. EMC denies the allegations of Paragraph 51.

52. EMC denies the allegations of Paragraph 52.

53. EMC denies the allegations of Paragraph 53.

## FOURTH CLAIM FOR RELIEF

### [Trademark Infringement (California Common Law)]

54. EMC refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-53 as if fully set forth herein.

55. EMC denies the allegations of Paragraph 55.

56. EMC denies the allegations of Paragraph 56.

57. EMC denies the allegations of Paragraph 57.

58. EMC denies the allegations of Paragraph 58.

59. EMC denies the allegations of Paragraph 59.

60. EMC denies the allegations of Paragraph 60.

61. EMC denies the allegations of Paragraph 61.

## AFFIRMATIVE DEFENSES

### First Defense

62. EMC alleges that some or all of InfoVista's claims are barred by the doctrines of waiver and estoppel.

### Second Defense

63. EMC alleges that some or all of InfoVista's claims are barred by the doctrine of acquiescence.

### Third Defense

64. EMC alleges that some or all of InfoVista's claims are barred by the doctrine of laches.

### Fourth Defense

65. EMC has a valid and properly issued registration for the trademark "Invista" (Registration No. 3,220,649). Pursuant to 15 U.S.C. §§ 1057 and 1115, EMC has the exclusive right to use that registered mark in commerce on the goods specified in the registration certificate. InfoVista's claims interfere with that right.

### Fifth Defense

66. On information and belief, EMC alleges that some or all of InfoVista's claims are

barred because InfoVista abandoned rights in its trademark by acts which caused the mark to lose its significance as an indication of origin.

      **WHEREFORE**, EMC prays for judgment as follows:

1. That the Complaint be dismissed with prejudice and that InfoVista take nothing thereby;

2. That the Court deny any requested injunctive relief;

3. That the Court cancel Registration Nos. 2,120,954 and 2,907,923 pursuant to 15 U.S.C. § 1119;

4. That the Court award EMC costs and attorneys' fees as authorized by law;

5. For such other relief as the Court deems proper.

Dated:    March 22, 2007        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                    /s/ Daniel J. Weinberg /s/
                                                       Daniel J. Weinberg
                                                    Attorneys for Defendant
                                                       EMC CORPORATION

<u>Of Counsel:</u>
Krish Gupta, Esq.
William Clark, Esq.
Scott Ouellette, Esq.
EMC Corporation
176 South Street
Hopkinton, MA 01748

**JURY DEMAND**

EMC Corporation demands a trial by jury as to all issues so triable.

Dated: March 22, 2007						ORRICK, HERRINGTON & SUTCLIFFE LLP


							/s/ Daniel J. Weinberg /s/
							Daniel J. Weinberg
							Attorneys for Defendant
							EMC CORPORATION

Of Counsel:
Krish Gupta, Esq.
William Clark, Esq.
Scott Ouellette, Esq.
EMC Corporation
176 South Street
Hopkinton, MA 01748

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: March 22, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Daniel J. Weinberg /s/
Daniel J. Weinberg
Attorneys for Defendant
EMC CORPORATION

Of Counsel:
Krish Gupta, Esq.
William Clark, Esq.
Scott Ouellette, Esq.
EMC Corporation
176 South Street
Hopkinton, MA 01748