AMAR L. THAKUR, Cal. Bar No. 194025
BENI SURPIN, Cal. Bar No. 216386
JON E. MAKI, Cal. Bar No. 199958
NICOLE M. LEE, Cal. Bar No. 222344
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:      858-720-8900
Facsimile:      858-509-3691
athakur@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for Plaintiffs
InfoVista S.A. and InfoVista Corporation


CHRIS R. OTTENWELLER, Cal. Bar No. 73649
ERIC L. WESENBERG, Cal. Bar No. 139696
DANIEL J. WEINBERG, Cal. Bar No. 227159
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendants
EMC Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EMC CORPORATION, a Massachusetts corporation, and DOES 1-10, inclusive;<br><br>                    Defendants. | CASE NO. C0701197 MHP<br><br>Honorable Marilyn Hall Patel<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order.

1.          **JURISDICTION AND SERVICE:**  There is no dispute that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  There is no dispute concerning personal jurisdiction or venue in the action.  All named parties have been served at this time.

2.          **FACTS:**  Plaintiffs InfoVista S.A. and InfoVista Corporation (hereinafter, "Plaintiffs") design, develop and market technologically advanced software which monitors, analyzes and reports on the performance and quality of service of IT infrastructure, including networks, servers and applications.  Plaintiffs' products and services help customers monitor and optimize the quality of IT services that they are providing to their internal or external clients, primarily around the network and system infrastructure.  Plaintiffs have spent significant time and effort and substantial sums of money promoting their products and services worldwide under the trademark "INFOVISTA" (Registration No. 2120954) and the InfoVista Family of Marks.  Plaintiffs' primary mark, "INFOVISTA" (Registration No. 2120954) is an incontestable mark under 15 U.S.C. § 1065 as the trademark has been in continuous use for five consecutive years following federal registration in 1997 and is still in commercial use today as set forth in the Section 8 and 15 affidavits filed with the United States Patent and Trademark Office ("USPTO").

Defendant EMC Corporation (hereinafter, "Defendant") is a leading developer and provider of information infrastructure technology and solutions helping organizations of every size around the world keep their most essential digital information protected, secure, and continuously available.  EMC sells a product called "Invista."  EMC's INVISTA is a high-performance networked storage virtualization solution that runs on intelligent SAN switches—placing virtualization intelligence in an existing secure network infrastructure.  "INVISTA" is a registered trademark of Defendant (Registration No. 3,220,649).

The principal factual issues in dispute include the strength and enforceability of Plaintiffs' mark; the relatedness of Plaintiffs' and Defendant's goods and services; whether

-1-

Defendant's product and service names and company mark and domain name are confusingly similar to Plaintiffs' mark; whether actual consumer confusion exists; Plaintiffs' licensing practice related to its mark; the similarity of Plaintiffs' and Defendant's marketing channels and potential clients; Defendant's intent in adopting Defendant's product and service names and mark and domain name; whether Defendant's product, company name and mark and domain name caused and/or are likely to cause confusion and/or mistake in the minds of the purchasing public, and in particular, tend to and do falsely create and/or created the impression that the goods or services offered by Defendant are authorized, sponsored or approved by Plaintiffs or originate from Plaintiffs; facts that would warrant award of Defendant's profits and establish the amount of such profits should any of the alleged unlawful conduct be established; and Plaintiffs' actual damages allegedly resulting from any unlawful conduct established.

**3.**        **LEGAL ISSUES:**  Although discovery in this case has not yet begun, the parties believe that the following legal issues, as well as other issues are relevant to and are in dispute in this case.  Additional legal issues may emerge in discovery.

Plaintiffs have alleged trademark infringement (15 U.S.C. § 1114 et seq. and California common law), and unfair competition (15 U.S.C. §1125 et seq. and California Business & Professions Code §§ 17200 and 17500) through the use and advertising of Defendant's product Invista.

Defendant asserts that there is no likelihood of confusion between Plaintiffs' "INFOVISTA" trademark and the alleged InfoVista Family of Marks, and Defendant's "INVISTA" trademark.  In addition, Defendant asserts legal defenses that Plaintiffs are barred from seeking relief by the doctrines of waiver and estoppel, acquiescence, and laches.  Defendant asserts that it has a valid and properly issued registration for the trademark "INVISTA" (Registration No. 3,220,649), that pursuant to 15 U.S.C. §§ 1057 and 1115, Defendant has the exclusive right to use that registered mark in commerce on the goods specified in the registration certificate and that Plaintiffs' claims interfere with that right.  Defendant alleges that some or all of

-2-

1  Plaintiffs' claims are barred because Plaintiffs abandoned rights in their trademark by acts which

2  caused the mark to lose its significance as an indication of origin.

3          Additionally, in the event that any of the alleged unlawful conduct is established,

4  the principal disputed legal issues include whether any such infringement was willful and whether

5  this is an exceptional case under the Lanham Act.

6

7  **4.**          **<u>MOTIONS</u>:**  No motions are currently pending.

8

9  **5.**          **<u>AMENDMENT OF PLEADINGS</u>:**  No additional parties are known at this time.

10  The parties do not expect to add or dismiss parties, claims or defense at this time.  Plaintiffs,

11  however, reserve their right to do so under the DOE defendant rules.  The parties propose that the

12  deadline for amending the pleadings shall be September 21, 2007.

13

14  **6.**          **<u>EVIDENCE PRESERVATION</u>:**  The parties believe electronic discovery and

15  specifically, the preservation of electronic information and proper disclosure of electronically

16  stored information may be an aspect of this case.  The parties discussed the need to inform their

17  clients of the retention of electronically stored information.  In addition, the parties discussed the

18  use of "claw back" agreements for privilege issues and believe such agreements and/or

19  stipulations may be used in this case, if necessary.  Counsel for the Plaintiffs has sent a litigation

20  hold letter to its clients regarding the need to maintain and preserve potentially relevant

21  information and evidence in this case and have discussed its implementation with Plaintiffs.

22  Defendant has also implemented a litigation hold regarding the need to maintain and preserve

23  potentially relevant information and evidence in this case.

24

25  **7.**          **<u>DISCLOSURES</u>:**  The parties have met and conferred regarding the initial

26  disclosures required by Federal Rules of Civil Procedure 26(a).  The parties will exchange initial

27  disclosures on June 11, 2007.

28

-3-

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
CASE NO. C-07-01197 MHP

**8.**        <u>**DISCOVERY:**</u> There has been no discovery taken to date.

        **a.**        <u>**Discovery Parties Intend to Pursue**</u>.

                (1) <u>Plaintiffs' Statement</u>:  Plaintiffs intend to conduct discovery relating to the Defendant's company and dealings, Defendant's product(s) and services, including the sales and marketing of such, Defendant's customers and market, Defendant's mark(s) and use thereof, and the affirmative defenses raised in Defendant's answer.  Plaintiffs know of no appropriate, alternative methods of discovery that are available or that should be employed.

                (2) <u>Defendant's Statement</u>:  Defendant intends to pursue discovery concerning Plaintiffs' companies and dealings, Plaintiffs' products and services, including sales and marketing of such; Plaintiffs' past and current customers and markets and potential customers and markets; Plaintiffs' historical and current trademark licensing practices; Plaintiffs' litigation history concerning the "INFOVISTA" trademark and alleged InfoVista Family of Marks; Plaintiffs' bases for its alleged causes of action, including Plaintiffs' claim of actual confusion and likelihood of confusion; bases for Plaintiffs' request for award of Defendant's profits; and Plaintiffs' alleged actual damages.  Defendant is not at this time aware of any appropriate, alternative methods of discovery that are available or that should be employed.

        **b.**        <u>**Discovery Stipulations**</u>.  The parties believe that no limit to the number of document demands and requests for admission as set forth by the Federal Rules of Civil Procedure should apply to this case.  Subject to the Court's approval, the parties have agreed that percipient witness depositions (excluding expert depositions) shall be limited to one hundred (100) hours total for all witnesses per side.  Depositions of expert witnesses shall be limited to seven (7) hours per expert under the Federal Rules of Civil Procedure.  Subject to the Court's approval, the parties have agreed to increase the number of interrogatories available to each side to 30 interrogatories.

                Additionally, the parties reserve the right to seek leave from the Court should later developments reveal that additional discovery is required.  The parties have discussed the possibility of agreeing to a phased discovery plan that would segment the discovery of electronic materials into designated phases in which discovery would first be had as to the types of electronic materials and systems maintained by each party and then, potentially, as to specific types of

-4-

1  electronic materials (e-mails, hard drives, servers, etc.).  In any case, hard copy production of ESI

2  will not be acceptable to the Parties.

3         c.    **Protective Order** - The parties plan to stipulate to a protective order which

4  they will submit to the Court for entry shortly following the Case Management Conference.

5         d.    **Timing of Discovery and Other Discovery Issues** - The parties suggest

6  that fact discovery should be scheduled to be completed within fifteen (15) months following the

7  initial Case Management Conference.  The parties reserve their right to apply to the Court in the

8  future for an order either permitting further discovery or imposing additional limitations upon

9  discovery.

10

11  **9.    CLASS ACTIONS:**  Not applicable.

12

13  **10.    RELATED CASES:**  None.

14

15  **11.    RELIEF:**  Plaintiffs seek damages for trademark infringement and unfair

16  competition, injunctive relief prohibiting Defendant from using confusingly similar product name

17  "Invista"; declaration of an exceptional case and treble damages for willful violation of the

18  Lanham Act; punitive damages; and attorneys' fees and costs.  Defendant seeks dismissal with

19  prejudice of the Complaint, an order that Plaintiffs' take nothing by their Complaint, an award of

20  Defendant's damages, costs, and attorneys' fees in defending against the Complaint, cancellation

21  of Plaintiffs' trademark registrations (Registration Nos. 2120954 and 2907923), and any other

22  further relief as the Court may determine to be just and proper under the circumstances.

23

24  **12.    SETTLEMENT AND ADR:**  The parties are open to the prospect of settlement.

25  The parties have sought an Early Settlement Conference with a Magistrate under ADR Local

26  Rule 7.  The ADR Telephone Conference will be held on Thursday, June 14, 2007 at 2:00 p.m.

27

28

-5-

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
CASE NO. C-07-01197 MHP

13.          **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

14.          **OTHER REFERENCES:** The parties do not presently believe that this case is suitable for the other references cited.

15.          **NARROWING OF ISSUES:** The parties are not presently aware of any issues that can be narrowed by agreement or motion but reserve the right to seek such narrowing and will do so in conjunction with the mandatory Pretrial Conference.

16.          **EXPEDITED SCHEDULE:** The parties do not request or believe that an expedited schedule is appropriate for this case.

17.          **SCHEDULING:** The parties propose the following schedule:

| | |
|---|---|
| Fact discovery (non-expert) cut-off | September 22, 2008 |
| Designation of experts, disclosures and expert reports | September 29, 2008 |
| Disclosure of rebuttal experts | October 20, 2008 |
| Expert discovery cut-off | November 24, 2008 |
| Dispositive motion cut-off  (the parties will meet and confer regarding when dispositive motions should be set for hearing.) | December 29, 2008 |
| Final Pre-Trial Conference | January 19, 2009 |
| Trial commencing  (The parties anticipate a one week jury trial). | February 16, 2009 |

**18.        TRIAL:**  The parties have demanded a jury trial and anticipate that trial will last approximately 5 days.  It may be possible to reduce the length of trial by stipulation, use of summaries, etc., but it is too early for the parties to determine whether that is the case.  The parties do not believe that bifurcation of the issues is appropriate in this case.

**19.        DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PARTIES:**
Both parties have filed a "Certification of Interested Entities or Parties."

Plaintiffs' counsel certifies by signature hereto that pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no interest to report.

Defendant's counsel certifies by signature hereto that pursuant to Civil L.R. 3-16, as of this date, other than the names parties, there is no interest to report.

**20.        OTHER ISSUES:**  Not Applicable.

Dated:  June 7, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      \s\ Jon E. Maki

AMAR L. THAKUR
BENI SURPIN
JON E. MAKI
NATHANIEL BRUNO

Attorneys for Plaintiffs
InfoVista S.A. and InfoVista Corporation

///

///

///

-7-

Dated:  June 7, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP


By        \s\  Daniel J. Weinberg
_____

CHRIS R. OTTENWELLER
ERIC L. WESENBERG
DANIEL J. WEINBERG

Attorneys for Defendant
EMC Corporation


Jon Maki hereby attests that he has Daniel Weinberg's permission to file this document on his behalf.


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated: _____

The Honorable Marilyn Hall Patel
United States District Court Judge


-8-