1  CHRISTOPHER R. OTTENWELLER (State Bar No. 73649)
   cottenweller@orrick.com
2  ERIC L. WESENBERG (State Bar No. 139696)
   ewesenberg@orrick.com
3  DANIEL J. WEINBERG (State Bar No. 227159)
   dweinberg@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025
   Telephone: 650-614-7400
6  Facsimile: 650-614-7401

7  Attorneys for Defendant
   EMC Corporation
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 | INFOVISTA S.A., a foreign corporation, and    | Case No. C-07-1197 MHP
   | INFOVISTA CORPORATION, a Delaware            |
14 | corporation,                                  | **STIPULATED PROTECTIVE ORDER**
15 |           Plaintiffs,                         |
   |                                               | Judge:    Honorable Marilyn H. Patel
16 |     v.                                        |
17 | EMC CORPORATION, a Massachusetts              |
   | corporation, and DOES 1-10, inclusive,        |
18 |                                               |
   |           Defendant.                          |
19

20         **IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the

21 parties, subject to the approval of the Court, that the following Stipulated Protective Order shall

22 govern the designation, disclosure, and use of information, documents, or things produced or

23 exchanged during discovery in this matter.

24         1.      This Stipulated Protective Order ("Order") shall be applicable to and

25 govern all documents or other materials exchanged, produced or disclosed during discovery in

26 this matter.

27         2.      As used in this Order, "document" means the originals and any copies of

28 any written, printed, typed, graphical or otherwise recorded matter, however produced or

1  reproduced, of every kind and description, in whatever form (e.g., final and draft versions),
2  including, but not limited to, all writings, email, diaries, notes, journals, photographs, video or
3  audio tapes or recordings, computer generated documents, computer disks or data tapes, any
4  deposition or hearing transcript, exhibit, declaration, affidavit, pleading, motion, interrogatory
5  answers, responses to requests for admissions or any other tangible things, or any portion of any
6  of the above. The term "document" also means originals and copies of all of the above which
7  contain notations in writing, print or otherwise that do not appear on the originals or on other
8  copies.

9         3.      Any party (the "Producing Party") may designate any document or
10 materials produced by the Producing Party or a third party in this action which the Producing
11 Party considers in good faith to contain the Producing Party's confidential technical, financial, or
12 other proprietary information as confidential information (**"Confidential Information"**) subject
13 to the terms of this Order by stamping such document **"CONFIDENTIAL."** The parties will use
14 due care to designate as **"CONFIDENTIAL"** only documents or other materials that truly
15 encompass such information. The parties may make such a designation at the time such
16 documents, or copies thereof, are delivered to the other party ("Receiving Party"), or promptly
17 after discovery that such labeling or marking is inadvertently omitted. If a Producing Party
18 discovers that it inadvertently omitted such labeling or marking, it shall promptly notify the
19 Receiving Party in writing, accompanied by substitute copies of each item, appropriately marked
20 as **"CONFIDENTIAL."**

21        4.      The Producing Party may designate any documents or materials produced
22 by that party or a third party in this action which the Producing Party considers in good faith to
23 contain the Producing Party's highly sensitive confidential technical, financial, or other
24 proprietary information as restricted confidential information (**"Restricted Confidential**
25 **Information"**) subject to the terms of this Order by stamping such document
26 **"CONFIDENTIAL: ATTORNEYS EYES ONLY."** The parties will use due care to designate
27 as **"CONFIDENTIAL: ATTORNEYS EYES ONLY"** only documents or other materials that
28 truly encompass such information. The parties may make such a designation at the time such

documents, or copies thereof, are delivered to the Receiving Party, or promptly after discovery that such labeling or marking is inadvertently omitted. If the Producing Party discovers that it inadvertently omitted such labeling or marking, it shall promptly notify the Receiving Party in writing, accompanied by substitute copies of each item, appropriately marked as **"CONFIDENTIAL: ATTORNEYS EYES ONLY."**

5. Confidential Information and Restricted Confidential Information does not include any documents or materials that are: (i) generally known to those in the industry prior to any disclosure hereunder, (ii) generally known to those in the industry without breach of this Order; (iii) approved for release by written authorization of the party who owns the documents or materials; (iv) disclosed to the Receiving Party by a third party lawfully possessing such documents or materials and under no obligation of confidentiality; (v) developed independently by the Receiving Party or any employees or designated agents thereof independently and without any use whatsoever of information received by the Receiving Party under this Order or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for statutory entitlement to confidential treatment.

6. By receiving any documents or materials designated as Confidential Information or Restricted Confidential Information, the Receiving Party agrees (a) not to disclose, publish, disseminate or use (other than as expressly permitted herein) any such documents or materials, and (b) to make all reasonable efforts to prevent any unauthorized use, disclosure, publication or dissemination of such documents or materials.

7. Any document that has been designated as Confidential Information in accordance with Paragraph 3 above, and any information in such document, shall not be disclosed to any person or entity by non-designating counsel, except disclosure may be made to:

    a. The officers and/or employees of EMC ("EMC Designees"), not to exceed three in number;

        i. In the event that an EMC Designee ceases to be an officer and/or employee of EMC, EMC shall so notify Outside

            Counsel for InfoVista in writing, and shall certify that, to the best of EMC's knowledge, the departing Designee has not retained any Confidential Information, and, at EMC's option, (A) designate a replacement EMC Designee consistent with the provisions of this section; or (B) continue using the Designee as a consultant.

    ii. The officers and/or employees of EMC who may review such Confidential Information are those whose review is required for the conduct of this litigation provided that such person sign, in advance of receiving such designated material, an acknowledgment as set forth in Paragraph 10 below. Further, such review shall be in the offices of Outside Counsel only and such documents, including copies, notes, or compilations of said documents, shall not be removed from Outside Counsel's offices.

b.     The officers and/or employees of InfoVista ("InfoVista Designees"), not to exceed three in number;

    i. In the event that an InfoVista Designee ceases to be an officer and/or employee of InfoVista, InfoVista shall so notify Outside Counsel for EMC in writing, and shall certify that, to the best of InfoVista's knowledge, the departing Designee has not retained any Confidential Information, and, at InfoVista's option, (A) designate a replacement InfoVista Designee consistent with the provisions of this section; or (B) continue using the Designee as a consultant.

    ii. The officers and/or employees of InfoVista who may review such Confidential Information are those whose review is required for the conduct of this litigation provided that such

person sign, in advance of receiving such designated material, an acknowledgment as set forth in Paragraph 10 below. Further, such review shall be in the offices of Outside Counsel only and such documents, including copies, notes, or compilations of said documents, shall not be removed from Outside Counsel's offices.

c. Three in-house counsel for the parties, provided that each such counsel is involved in the prosecution or defense of this action and has the need to see such Confidential Information in the prosecution or defense of this action. Each party shall identify the designated in-house counsel to the other party before granting such access;

d. Outside counsel retained by the parties for purposes of prosecuting or defending this matter, and their employees;

e. Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for depositions, hearings, or other proceedings in this action, and outside copy service personnel retained for purposes of producing copies of Confidential Information to be used in this action;

f. Any person who testifies at a deposition, hearing, or other proceeding in this action where at least one of the following conditions applies:

    i. The witness is a current employee of the Producing Party;

    ii. The witness's name appears on the Confidential Information as a person who has previously seen or had access to the Confidential Information;

    iii. The Producing Party has consented on the record to the showing of the Confidential Information to the witness; or

    iv. The party wishing to show the witness the Confidential Information notifies the Producing Party of that desire, with a specific listing of the Confidential Information to be shown, and the Producing Party consents in writing to such

1  showing, which consent will not be unreasonably withheld.
2  If, however, such consent in writing is not received, such
3  Confidential Information may not be shown to the witness
4  until and unless the party wishing to show the Confidential
5  Information to the witness moves for and obtains
6  appropriate relief from the Court upon good cause shown.
7  Witnesses being shown Confidential Information under subparagraphs i, ii, iii or iv shall
8  not be allowed to retain copies of the documents. However, a witness who was shown documents
9  during a deposition may review the documents while reviewing his or her transcript, provided that
10 no documents are retained by the witness after he or she has completed his or her review of the
11 transcript for accuracy.
12         g.    Outside consultants or experts retained to assist counsel in this
13 action, provided that (a) such consultants or experts have signed an acknowledgment as set forth
14 in Paragraph 10 below, and (b) such consultants or experts are identified to the opposing party no
15 less than ten (10) business days prior to a proposed disclosure, with full identification of the
16 proposed consultant or expert to whom the Confidential Information is to be disclosed, including
17 the identity, address and telephone number of the proposed consultant or expert, and an up to date
18 curriculum vitae of the proposed consultant or expert identifying at least all other present and
19 prior employments or consultancies of the consultant or expert in the field since 1997, with the
20 additional proviso that, if within that ten (10) business day period, an objection is stated to such
21 disclosure, no such disclosure will be made without approval of the Court; and
22         h.    The Court, including personnel of the United States District Court,
23 and court reporters.
24     8.    Any document that has been or will be designated as Restricted
25 Confidential Information in accordance with Paragraph 4 above, and any information in such
26 documents, shall not be disclosed to any person by non-designating counsel, except that
27 disclosure may be made to:
28         a.    Three in-house counsel for the parties, provided that each such

counsel is involved in the prosecution or defense of this action and has the need to see such Confidential Information in the prosecution or defense of this action. Each party shall identify the designated in-house counsel to the other party before granting such access;

  b. Outside counsel retained by the parties for purposes of prosecuting or defending this matter, and their employees;

  c. Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for depositions, hearings, or other proceedings in this action, and outside copy service personnel retained for purposes of producing copies of documents to be used in this action;

  d. Any person who testifies at a deposition, hearing, or other proceeding in this action where at least one of the following conditions applies:

    i. The witness is a current employee of the Producing Party;

    ii. The witness's name appears on the Restricted Confidential Information as a person who has previously seen or had access to the Restricted Confidential Information;

    iii. The Producing Party has consented on the record to the showing of the Restricted Confidential Information to the witness; or

    iv. The party wishing to show the witness the Restricted Confidential Information notifies the Producing Party of that desire, with a specific listing of the Restricted Confidential Information to be shown, and the Producing Party consents in writing to such showing, which consent will not be unreasonably withheld. If, however, such consent in writing is not received, such Restricted Confidential Information may not be shown to the witness until and unless the party wishing to show the Restricted Confidential Information to the witness moves for and

1  obtains appropriate relief from the Court upon good cause
2  shown.
3  Witnesses being shown Restricted Confidential Information under subparagraphs i, ii, iii
4  or iv shall not be allowed to retain copies of the documents. However, a witness who was shown
5  documents during a deposition may review the documents while reviewing his or her transcript,
6  provided that no documents are retained by the witness after he or she has completed his or her
7  review of the transcript for accuracy.
8      e.    Outside consultants or experts retained to assist counsel in this
9  action, provided that (a) such consultants or experts have signed an acknowledgment as set forth
10 in Paragraph 10 below, and (b) such consultants or experts are identified to the opposing party no
11 less than ten (10) business days prior to a proposed disclosure, with full identification of the
12 proposed consultant or expert to whom the Confidential Information is to be disclosed, including
13 the identity, address and telephone number of the proposed consultant or expert, and an up to date
14 curriculum vitae of the proposed consultant or expert identifying at least all other present and
15 prior employments or consultancies of the consultant or expert in the field since 1997, with the
16 additional proviso that, if within that ten (10) business day period, an objection is stated to such
17 disclosure, no such disclosure will be made without approval of the Court; and
18     f.    The Court, including personnel of the United States District Court,
19 and court reporters.
20     9.    All Confidential Information and Restricted Confidential Information
21 produced, disclosed or exchanged in the course of this matter shall be used by the Receiving Party
22 or disclosed solely for the purpose of this action, and for no other purpose. Any party who
23 receives Confidential Information or Restricted Confidential Information from another party may
24 only use such information in accordance with the terms of this Order.
25     10.    In no event shall any Confidential Information or Restricted Confidential
26 Information be disclosed to any person identified in Paragraphs 7.a, 7.b, 7.c, 7.g, 8.a and 8.e
27 above, until such person has executed a written acknowledgment agreeing to be bound by the
28 terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment"). Copies of the

Acknowledgment shall be promptly served on the Producing Party.

11. If any party wishes to object to the disclosure of Confidential Information or Restricted Confidential Information to any outside consultants or experts retained to assist opposing counsel in this action, the party shall make its objection in writing to the proposing party within ten (10) business days of receipt of that notice. If the parties are unable to resolve any such objection, they may submit the issue for determination by the Court, but in any case no Confidential Information or Restricted Confidential Information shall be disclosed to any such proposed consultant or expert unless and until any such written objection has been resolved and confirmed in some further writing.

12. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information or Restricted Confidential Information, the witness shall nevertheless answer such question unless otherwise instructed not to do so on grounds of privilege, provided that the only persons in attendance at the deposition are persons who are qualified to receive Confidential Information or Restricted Confidential Information, as applicable, pursuant to the terms of this Order. Counsel for the party claiming confidentiality may designate portions of the deposition testimony as Confidential Information or Restricted Confidential Information, provided that: (a) counsel for the party identifies such testimony on the record at the deposition; or (b) within five (5) business days after receipt of the deposition transcript, counsel for the party claiming confidentiality notifies counsel for other parties of the designation in writing. All transcripts of depositions shall be treated as Restricted Confidential Information until five (5) business days after receipt thereof by counsel for the parties or counsel for the witness.

13. Neither Confidential Information nor Restricted Confidential Information shall be filed with the Court unless required by Court rule or in connection with motions or applications submitted to the Court. Such Confidential Information or Restricted Confidential Information, and any documents containing or referring to either (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

14.     When Confidential Information or Restricted Confidential Information is incorporated in a deposition, hearing or other proceeding transcript, the party designating the Confidential Information or Restricted Confidential Information shall make arrangements with the court reporter not to disclose any such information except in accordance with the terms of this Order, to label each page of the transcript containing Confidential or Restricted Confidential Information with an appropriate legend, and to place the following notice on the caption page of the transcript:

RESTRICTED

> This document contains information designated by [party] as [confidentiality designation], and may not be examined except in accordance with the Stipulated Protective Order issued in this case on _____, 2007.

As to non-original copies of the transcript and/or exhibits containing Confidential Information or Restricted Confidential Information, they should also be labeled on each page and on the cover with an appropriate legend, and maintained in accordance with their respective designations.

15.     A party may request disclosure of Confidential Information or Restricted Confidential Information to any person other than those permitted access to such information pursuant to the terms of this Order. The party shall serve a written request to the designating party, stating the name of the person to whom disclosure would be made, the employment background and affiliation of the person to whom disclosure would be made, the reasons for disclosure, and the information to be disclosed. The Producing Party shall not unreasonably withhold its consent. If, however, within 5 days following service of said request, the Producing Party objects in writing to the proposed disclosure, no disclosure shall be made absent a motion by the party requesting disclosure and an order of the Court on good cause shown. Any disclosure pursuant to this paragraph, either as agreed to by the Producing Party or ordered by the Court, shall be made only upon compliance with the terms of Paragraph 10 of this Order.

16.     Nothing in this Order shall preclude a party from disclosing or using the party's own information or documents which the party itself has designated as Confidential Information or Restricted Confidential Information. Such disclosure shall not waive the

protection of this Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Order.

17. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection of this Order.

18. Nothing in this Order shall prevent a party receiving a document designated Confidential Information or Restricted Confidential Information from seeking a further order of the Court declaring that such a document shall not be subject to the provisions of this Order. At any time after the delivery of Confidential Information or Restricted Confidential Information, counsel for the Receiving Party may challenge the Confidential or Restricted Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Producing Party. If the parties are unable to agree as to whether the confidential designation of the documents or information is appropriate, then the Receiving Party may seek a further order of the Court declaring that such a document shall not be subject to the provisions of this Order. The Producing Party shall have the burden of establishing that the documents are entitled to Confidential or Restricted Confidential treatment. Upon motion of any party to this action, and upon good cause shown, the Court may make any order that justice requires for the prevention and protection from oppression or undue burden or any unnecessary expense, due to unreasonable use of the right to designate documents as Confidential Information or Restricted Confidential Information.

19. Failure to oppose the designation of documents as Confidential Information or Restricted Confidential Information shall not constitute an admission or concession by the non-designating party that the document or the information therein is confidential or is legally protectible intellectual or proprietary property or trade secrets.

20. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced in response to document demands, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party claims that it has inadvertently produced material subject to a claim of immunity or privilege, then promptly

following that party's written request identifying the material for which a claim of inadvertent production is made, the receiving party shall take prompt steps to ensure that all known copies of such information or material are returned promptly to the producing party or destroyed promptly if they bear privileged or work-product immunity annotations. The party returning such information may move for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

21.     Nothing in this Order shall prevent a party from seeking any change or modification in this Order.

22.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and materials that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential and Restricted Confidential Information for enforcement of the provisions of this Order following termination of this litigation. Within sixty (60) days after a termination of this action whether by final adjudication, settlement, or exhaustion of appeals, any and all copies of the disclosing party's Confidential Information or Restricted Confidential Information in the actual or constructive custody or possession of the receiving party shall be destroyed or returned to the disclosing party. All parties or persons that received Confidential Information or Restricted Confidential Information shall certify its compliance with this section and shall deliver same to counsel for the person that produced such Information not more than sixty (60) days after the final conclusion of this action. Notwithstanding the foregoing, counsel for any party receiving Confidential Information or Restricted Confidential Information may retain an archival copy of extracts or summaries thereof or documents containing information taken therefrom.

23.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence based on lack of timeliness, relevance, assertion of privilege, undue burden or any other lawful ground.

Dated: October 4, 2007     ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Chris R. Ottenweller*
Chris R. Ottenweller
Eric L. Wesenberg
Daniel J. Weinberg

Dated: October 2, 2007     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Amar L. Thakur*
Amar L. Thakur
Beni Surpin
Jon E. Maki
Joshua G. Gigger
Attorneys for InfoVista S.A. and InfoVista Corporation

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2007     _____
United States District Judge

# EXHIBIT A

# ACKNOWLEDGMENT

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order ("Order") dated _____, 2007, in *InfoVista S.A. and InfoVista Corp. v. EMC Corp.*, Case No. C 07-01197 MHP.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. I further understand that by signing below, I consent to jurisdiction of the United States District Court for the Northern District of California for the purpose of any proceeding to enforce the terms of the Order.

Dated: _____              _____
                                        (Signature)