1   CHRISTOPHER R. OTTENWELLER (State Bar No. 73649)
cottenweller@orrick.com
2   ERIC L. WESENBERG (State Bar No. 139696)
ewesenberg@orrick.com
3   DANIEL J. WEINBERG (State Bar No. 227159)
dweinberg@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
5   Menlo Park, CA 94025
Telephone:   650-614-7400
6   Facsimile:   650-614-7401

7   Attorneys for Defendant
EMC Corporation
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13   INFOVISTA S.A., a foreign corporation, and     Case No.  C-07-1197 MHP
INFOVISTA CORPORATION, a Delaware
14   corporation,                        **STIPULATED PROTECTIVE
ORDER**
15             Plaintiffs,
                              Judge:       Honorable Marilyn H. Patel
16       v.

17   EMC CORPORATION, a Massachusetts
corporation, and DOES 1-10, inclusive,
18
             Defendant.
19

20          **IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the

21   parties, subject to the approval of the Court, that the following Stipulated Protective Order shall

22   govern the designation, disclosure, and use of information, documents, or things produced or

23   exchanged during discovery in this matter.

24          1.     This Stipulated Protective Order ("Order") shall be applicable to and

25   govern all documents or other materials exchanged, produced or disclosed during discovery in

26   this matter.

27          2.     As used in this Order, "document" means the originals and any copies of

28   any written, printed, typed, graphical or otherwise recorded matter, however produced or

1   reproduced, of every kind and description, in whatever form (e.g., final and draft versions),

2   including, but not limited to, all writings, email, diaries, notes, journals, photographs, video or

3   audio tapes or recordings, computer generated documents, computer disks or data tapes, any

4   deposition or hearing transcript, exhibit, declaration, affidavit, pleading, motion, interrogatory

5   answers, responses to requests for admissions or any other tangible things, or any portion of any

6   of the above. The term "document" also means originals and copies of all of the above which

7   contain notations in writing, print or otherwise that do not appear on the originals or on other

8   copies.

9           3.      Any party (the "Producing Party") may designate any document or

10   materials produced by the Producing Party or a third party in this action which the Producing

11   Party considers in good faith to contain the Producing Party's confidential technical, financial, or

12   other proprietary information as confidential information ("**Confidential Information**") subject

13   to the terms of this Order by stamping such document "**CONFIDENTIAL.**" The parties will use

14   due care to designate as "**CONFIDENTIAL**" only documents or other materials that truly

15   encompass such information. The parties may make such a designation at the time such

16   documents, or copies thereof, are delivered to the other party ("Receiving Party"), or promptly

17   after discovery that such labeling or marking is inadvertently omitted. If a Producing Party

18   discovers that it inadvertently omitted such labeling or marking, it shall promptly notify the

19   Receiving Party in writing, accompanied by substitute copies of each item, appropriately marked

20   as "**CONFIDENTIAL.**"

21           4.      The Producing Party may designate any documents or materials produced

22   by that party or a third party in this action which the Producing Party considers in good faith to

23   contain the Producing Party's highly sensitive confidential technical, financial, or other

24   proprietary information as restricted confidential information ("**Restricted Confidential**

25   **Information**") subject to the terms of this Order by stamping such document

26   "**CONFIDENTIAL: ATTORNEYS EYES ONLY.**" The parties will use due care to designate

27   as "**CONFIDENTIAL: ATTORNEYS EYES ONLY**" only documents or other materials that

28   truly encompass such information. The parties may make such a designation at the time such

1   documents, or copies thereof, are delivered to the Receiving Party, or promptly after discovery

2   that such labeling or marking is inadvertently omitted. If the Producing Party discovers that it

3   inadvertently omitted such labeling or marking, it shall promptly notify the Receiving Party in

4   writing, accompanied by substitute copies of each item, appropriately marked as

5   **"CONFIDENTIAL: ATTORNEYS EYES ONLY."**

6           5.      Confidential Information and Restricted Confidential Information does not

7   include any documents or materials that are: (i) generally known to those in the industry prior to

8   any disclosure hereunder, (ii) generally known to those in the industry without breach of this

9   Order; (iii) approved for release by written authorization of the party who owns the documents or

10  materials; (iv) disclosed to the Receiving Party by a third party lawfully possessing such

11  documents or materials and under no obligation of confidentiality; (v) developed independently

12  by the Receiving Party or any employees or designated agents thereof independently and without

13  any use whatsoever of information received by the Receiving Party under this Order or (vi) (a)

14  advertising materials, (b) materials that on their face show that they have been published to the

15  general public, or (c) documents that have been submitted to any governmental entity without

16  request for statutory entitlement to confidential treatment.

17          6.      By receiving any documents or materials designated as Confidential

18  Information or Restricted Confidential Information, the Receiving Party agrees (a) not to disclose,

19  publish, disseminate or use (other than as expressly permitted herein) any such documents or

20  materials, and (b) to make all reasonable efforts to prevent any unauthorized use, disclosure,

21  publication or dissemination of such documents or materials.

22          7.      Any document that has been designated as Confidential Information in

23  accordance with Paragraph 3 above, and any information in such document, shall not be disclosed

24  to any person or entity by non-designating counsel, except disclosure may be made to:

25          a.      The officers and/or employees of EMC ("EMC Designees"), not to

26  exceed three in number;

27                  i.  In the event that an EMC Designee ceases to be an officer

28                      and/or employee of EMC, EMC shall so notify Outside

1   Counsel for InfoVista in writing, and shall certify that, to

2   the best of EMC's knowledge, the departing Designee has

3   not retained any Confidential Information. and, at EMC's

4   option, (A) designate a replacement EMC Designee

5   consistent with the provisions of this section; or (B)

6   continue using the Designee as a consultant.

7   ii.  The officers and/or employees of EMC who may review

8   such Confidential Information are those whose review is

9   required for the conduct of this litigation provided that such

10   person sign, in advance of receiving such designated

11   material, an acknowledgment as set forth in Paragraph 10

12   below.  Further, such review shall be in the offices of

13   Outside Counsel only and such documents, including

14   copies, notes, or compilations of said documents, shall not

15   be removed from Outside Counsel's offices.

16   b.   The officers and/or employees of InfoVista ("InfoVista

17   Designees"), not to exceed three in number;

18   i.  In the event that an InfoVista Designee ceases to be an

19   officer and/or employee of InfoVista, InfoVista shall so

20   notify Outside Counsel for EMC in writing, and shall certify

21   that, to the best of InfoVista's knowledge, the departing

22   Designee has not retained any Confidential Information,

23   and, at InfoVista's option, (A) designate a replacement

24   InfoVista Designee consistent with the provisions of this

25   section; or (B) continue using the Designee as a consultant.

26   ii.  The officers and/or employees of InfoVista who may review

27   such Confidential Information are those whose review is

28   required for the conduct of this litigation provided that such

person sign, in advance of receiving such designated
material, an acknowledgment as set forth in Paragraph 10
below.  Further, such review shall be in the offices of
Outside Counsel only and such documents, including
copies, notes, or compilations of said documents, shall not
be removed from Outside Counsel's offices.

c..    Three in-house counsel for the parties, provided that each such
counsel is involved in the prosecution or defense of this action and has the need to see such
Confidential Information in the prosecution or defense of this action.  Each party shall identify
the designated in-house counsel to the other party before granting such access;

d.    Outside counsel retained by the parties for purposes of prosecuting
or defending this matter, and their employees;

e.    Graphics or design services retained by counsel for a party for
purposes of preparing demonstrative or other exhibits for depositions, hearings, or other
proceedings in this action, and outside copy service personnel retained for purposes of producing
copies of Confidential Information to be used in this action;

f.    Any person who testifies at a deposition, hearing, or other
proceeding in this action where at least one of the following conditions applies:

i.    The witness is a current employee of the Producing Party;

ii.    The witness's name appears on the Confidential Information
as a person who has previously seen or had access to the
Confidential Information;

iii.    The Producing Party has consented on the record to the
showing of the Confidential Information to the witness; or

iv.    The party wishing to show the witness the Confidential
Information notifies the Producing Party of that desire, with
a specific listing of the Confidential Information to be
shown, and the Producing Party consents in writing to such

1    showing, which consent will not be unreasonably withheld.

2    If, however, such consent in writing is not received, such

3    Confidential Information may not be shown to the witness

4    until and unless the party wishing to show the Confidential

5    Information to the witness moves for and obtains

6    appropriate relief from the Court upon good cause shown.

7    Witnesses being shown Confidential Information under subparagraphs i, ii, iii or iv shall

8    not be allowed to retain copies of the documents.  However, a witness who was shown documents

9    during a deposition may review the documents while reviewing his or her transcript, provided that

10    no documents are retained by the witness after he or she has completed his or her review of the

11    transcript for accuracy.

12    g.    Outside consultants or experts retained to assist counsel in this

13    action, provided that (a) such consultants or experts have signed an acknowledgment as set forth

14    in Paragraph 10 below, and (b) such consultants or experts are identified to the opposing party no

15    less than ten (10) business days prior to a proposed disclosure, with full identification of the

16    proposed consultant or expert to whom the Confidential Information is to be disclosed, including

17    the identity, address and telephone number of the proposed consultant or expert, and an up to date

18    curriculum vitae of the proposed consultant or expert identifying at least all other present and

19    prior employments or consultancies of the consultant or expert in the field since 1997, with the

20    additional proviso that, if within that ten (10) business day period, an objection is stated to such

21    disclosure, no such disclosure will be made without approval of the Court; and

22    h.    The Court, including personnel of the United States District Court,

23    and court reporters.

24    8.    Any document that has been or will be designated as Restricted

25    Confidential Information in accordance with Paragraph 4 above, and any information in such

26    documents, shall not be disclosed to any person by non-designating counsel, except that

27    disclosure may be made to:

28    a.    Three in-house counsel for the parties, provided that each such

1   counsel is involved in the prosecution or defense of this action and has the need to see such

2   Confidential Information in the prosecution or defense of this action. Each party shall identify

3   the designated in-house counsel to the other party before granting such access;

4                b.     Outside counsel retained by the parties for purposes of prosecuting

5   or defending this matter, and their employees;

6                c.     Graphics or design services retained by counsel for a party for

7   purposes of preparing demonstrative or other exhibits for depositions, hearings, or other

8   proceedings in this action, and outside copy service personnel retained for purposes of producing

9   copies of documents to be used in this action;

10               d.     Any person who testifies at a deposition, hearing, or other

11   proceeding in this action where at least one of the following conditions applies:

12                       i.   The witness is a current employee of the Producing Party;

13                     ii.   The witness's name appears on the Restricted Confidential

14                          Information as a person who has previously seen or had

15                          access to the Restricted Confidential Information;

16                   iii.   The Producing Party has consented on the record to the

17                          showing of the Restricted Confidential Information to the

18                          witness; or

19                   iv.   The party wishing to show the witness the Restricted

20                          Confidential Information notifies the Producing Party of

21                          that desire, with a specific listing of the Restricted

22                          Confidential Information to be shown, and the Producing

23                          Party consents in writing to such showing, which consent

24                          will not be unreasonably withheld. If, however, such

25                          consent in writing is not received, such Restricted

26                          Confidential Information may not be shown to the witness

27                          until and unless the party wishing to show the Restricted

28                          Confidential Information to the witness moves for and

1           obtains appropriate relief from the Court upon good cause

2           shown.

3           Witnesses being shown Restricted Confidential Information under subparagraphs i, ii, iii

4 or iv shall not be allowed to retain copies of the documents. However, a witness who was shown

5 documents during a deposition may review the documents while reviewing his or her transcript,

6 provided that no documents are retained by the witness after he or she has completed his or her

7 review of the transcript for accuracy.

8           e.    Outside consultants or experts retained to assist counsel in this

9 action, provided that (a) such consultants or experts have signed an acknowledgment as set forth

10 in Paragraph 10 below, and (b) such consultants or experts are identified to the opposing party no

11 less than ten (10) business days prior to a proposed disclosure, with full identification of the

12 proposed consultant or expert to whom the Confidential Information is to be disclosed, including

13 the identity, address and telephone number of the proposed consultant or expert, and an up to date

14 curriculum vitae of the proposed consultant or expert identifying at least all other present and

15 prior employments or consultancies of the consultant or expert in the field since 1997, with the

16 additional proviso that, if within that ten (10) business day period, an objection is stated to such

17 disclosure, no such disclosure will be made without approval of the Court; and

18           f.    The Court, including personnel of the United States District Court,

19 and court reporters.

20           9.    All Confidential Information and Restricted Confidential Information

21 produced, disclosed or exchanged in the course of this matter shall be used by the Receiving Party

22 or disclosed solely for the purpose of this action, and for no other purpose. Any party who

23 receives Confidential Information or Restricted Confidential Information from another party may

24 only use such information in accordance with the terms of this Order.

25           10.    In no event shall any Confidential Information or Restricted Confidential

26 Information be disclosed to any person identified in Paragraphs 7.a, 7.b, 7.c, 7.g, 8.a and 8.e

27 above, until such person has executed a written acknowledgment agreeing to be bound by the

28 terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment"). Copies of the

1    Acknowledgment shall be promptly served on the Producing Party.

2           11.    If any party wishes to object to the disclosure of Confidential Information
3    or Restricted Confidential Information to any outside consultants or experts retained to assist
4    opposing counsel in this action, the party shall make its objection in writing to the proposing
5    party within ten (10) business days of receipt of that notice. If the parties are unable to resolve
6    any such objection, they may submit the issue for determination by the Court, but in any case no
7    Confidential Information or Restricted Confidential Information shall be disclosed to any such
8    proposed consultant or expert unless and until any such written objection has been resolved and
9    confirmed in some further writing.

10          12.    In the event that any question is asked at a deposition that calls for the
11   disclosure of Confidential Information or Restricted Confidential Information, the witness shall
12   nevertheless answer such question unless otherwise instructed not to do so on grounds of
13   privilege, provided that the only persons in attendance at the deposition are persons who are
14   qualified to receive Confidential Information or Restricted Confidential Information, as
15   applicable, pursuant to the terms of this Order. Counsel for the party claiming confidentiality
16   may designate portions of the deposition testimony as Confidential Information or Restricted
17   Confidential Information, provided that: (a) counsel for the party identifies such testimony on the
18   record at the deposition; or (b) within five (5) business days after receipt of the deposition
19   transcript, counsel for the party claiming confidentiality notifies counsel for other parties of the
20   designation in writing. All transcripts of depositions shall be treated as Restricted Confidential
21   Information until five (5) business days after receipt thereof by counsel for the parties or counsel
22   for the witness.

23          13.    Neither Confidential Information nor Restricted Confidential Information
24   shall be filed with the Court unless required by Court rule or in connection with motions or
25   applications submitted to the Court. Such Confidential Information or Restricted Confidential
26   Information, and any documents containing or referring to either (including, without limitation,
27   deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under
28   seal.

1    14.    When Confidential Information or Restricted Confidential Information is

2  incorporated in a deposition, hearing or other proceeding transcript, the party designating the

3  Confidential Information or Restricted Confidential Information shall make arrangements with

4  the court reporter not to disclose any such information except in accordance with the terms of this

5  Order, to label each page of the transcript containing Confidential or Restricted Confidential

6  Information with an appropriate legend, and to place the following notice on the caption page of

7  the transcript:

8    RESTRICTED

9  This document contains information designated by [party] as
10  [confidentiality designation], and may not be examined except in
    accordance with the Stipulated Protective Order issued in this case
11  on _____, 2007.

12  As to non-original copies of the transcript and/or exhibits containing Confidential Information or

13  Restricted Confidential Information, they should also be labeled on each page and on the cover

14  with an appropriate legend, and maintained in accordance with their respective designations.

15    15.    A party may request disclosure of Confidential Information or Restricted

16  Confidential Information to any person other than those permitted access to such information

17  pursuant to the terms of this Order.  The party shall serve a written request to the designating

18  party, stating the name of the person to whom disclosure would be made, the employment

19  background and affiliation of the person to whom disclosure would be made, the reasons for

20  disclosure, and the information to be disclosed.  The Producing Party shall not unreasonably

21  withhold its consent.  If, however, within 5 days following service of said request, the Producing

22  Party objects in writing to the proposed disclosure, no disclosure shall be made absent a motion

23  by the party requesting disclosure and an order of the Court on good cause shown.  Any

24  disclosure pursuant to this paragraph, either as agreed to by the Producing Party or ordered by the

25  Court, shall be made only upon compliance with the terms of Paragraph 10 of this Order.

26    16.    Nothing in this Order shall preclude a party from disclosing or using the

27  party's own information or documents which the party itself has designated as Confidential

28  Information or Restricted Confidential Information.  Such disclosure shall not waive the

W02-WEST:6JGG1\400364596.4    - 10 -    STIPULATED PROTECTIVE ORDER
    C-07-1197 MHP

1    protection of this Order and shall not entitle other parties or their attorneys to disclose such

2    information or documents in violation of this Order.

3            17.    This Order shall apply to the parties and any non-party from whom

4    discovery may be sought and who desires protection of this Order.

5            18.    Nothing in this Order shall prevent a party receiving a document

6    designated Confidential Information or Restricted Confidential Information from seeking a

7    further order of the Court declaring that such a document shall not be subject to the provisions of

8    this Order.  At any time after the delivery of Confidential Information or Restricted Confidential

9    Information, counsel for the Receiving Party may challenge the Confidential or Restricted

10   Confidential designation of all or any portion thereof by providing written notice thereof to

11   counsel for the Producing Party.  If the parties are unable to agree as to whether the confidential

12   designation of the documents or information is appropriate, then the Receiving Party may seek a

13   further order of the Court declaring that such a document shall not be subject to the provisions of

14   this Order.  The Producing Party shall have the burden of establishing that the documents are

15   entitled to Confidential or Restricted Confidential treatment.  Upon motion of any party to this

16   action, and upon good cause shown, the Court may make any order that justice requires for the

17   prevention and protection from oppression or undue burden or any unnecessary expense, due to

18   unreasonable use of the right to designate documents as Confidential Information or Restricted

19   Confidential Information.

20           19.    Failure to oppose the designation of documents as Confidential Information

21   or Restricted Confidential Information shall not constitute an admission or concession by the non-

22   designating party that the document or the information therein is confidential or is legally

23   protectible intellectual or proprietary property or trade secrets.

24           20.    If information subject to a claim of attorney-client privilege or work

25   product immunity is inadvertently produced in response to document demands, such production

26   shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

27   privilege or work product immunity for such information.  If a party claims that it has

28   inadvertently produced material subject to a claim of immunity or privilege, then promptly

W02-WEST:6JGG1\400364596.4                    - 11 -                    STIPULATED PROTECTIVE ORDER
                                                                                    C-07-1197 MHP

1  following that party's written request identifying the material for which a claim of inadvertent
2  production is made, the receiving party shall take prompt steps to ensure that all known copies of
3  such information or material are returned promptly to the producing party or destroyed promptly
4  if they bear privileged or work-product immunity annotations.  The party returning such
5  information may move for an order compelling production of such information, but the motion
6  shall not assert as a ground for production the fact or circumstances of the inadvertent production.

7          21.    Nothing in this Order shall prevent a party from seeking any change or
8  modification in this Order.

9          22.    After termination of this litigation, the provisions of this Order shall
10 continue to be binding, except with respect to those documents and materials that become a
11 matter of public record.  This Court retains and shall have continuing jurisdiction over the parties
12 and recipients of the Confidential and Restricted Confidential Information for enforcement of the
13 provisions of this Order following termination of this litigation.  Within sixty (60) days after a
14 termination of this action whether by final adjudication, settlement, or exhaustion of appeals, any
15 and all copies of the disclosing party's Confidential Information or Restricted Confidential
16 Information in the actual or constructive custody or possession of the receiving party shall be
17 destroyed or returned to the disclosing party.  All parties or persons that received Confidential
18 Information or Restricted Confidential Information shall certify its compliance with this section
19 and shall deliver same to counsel for the person that produced such Information not more than
20 sixty (60) days after the final conclusion of this action.  Notwithstanding the foregoing, counsel
21 for any party receiving Confidential Information or Restricted Confidential Information may
22 retain an archival copy of extracts or summaries thereof or documents containing information
23 taken therefrom.

24         23.    This Order shall be without prejudice to the right of any party to oppose
25 production of any information or object to its admissibility into evidence based on lack of
26 timeliness, relevance, assertion of privilege, undue burden or any other lawful ground.

27
28

W02-WEST:6JGG1\400364596.4                - 12 -              STIPULATED PROTECTIVE ORDER
                                                              C-07-1197 MHP

1    Dated: October 4, 2007            ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3                                      Chris R. Ottenweller
                                       Eric L. Wesenberg
4                                      Daniel J. Weinberg

5    Dated: October 2, 2007            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7                                      Amar L. Thakur
8                                      Berri Surpin
                                       Jon E. Maki
9                                      Joshua G. Gigger
                                       Attorneys for InfoVista S.A. and InfoVista
10                                     Corporation

11

12                        **ORDER**

13           PURSUANT TO STIPULATION, IT IS SO ORDERED.

14

15   Dated:  10/9   , 2007

16                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT**

3

4      I, _____, acknowledge and declare that I have received a

5  copy of the Stipulated Protective Order ("Order") dated _____, 2007, in *InfoVista S.A. and*

6  *InfoVista Corp. v. EMC Corp.*, Case No. C 07-01197 MHP.

7      Having read and understood the terms of the Order, I agree to be bound by the

8  terms of the Order. I further understand that by signing below, I consent to jurisdiction of the

9  United States District Court for the Northern District of California for the purpose of any

10  proceeding to enforce the terms of the Order.

11

12  Dated: _____        _____

                                                (Signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER**

**IN C07-1197 MHP *Infovista SA et al -v- EMC Corporation et al***

The above (attached) stipulation re confidentiality is approved except as follows:

1)    Counsel shall narrowly tailor the documents, materials or papers that come within

this order

2)    As applied to documents, materials or papers filed with the court, this order shall

be used sparingly to cover only those items that are clearly trade secret, come

within clearly defined areas of privileges accepted in the federal courts, or have a

compelling need for confidentiality.

3)    Documents, material or papers submitted as exhibits to or in support of motions or

for pretrial, trial or other court proceedings shall not be filed under seal except by

order the court.  The parties are reminded that the federal courts are public fora

and matters to be heard by the court are conducted publicly.  Furthermore,

documents, materials or other papers submitted as exhibits will remain as part of

the court record and may not be withdrawn without order of the court.

4)    Under no circumstances shall memoranda or pleadings required to be filed with

the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules

of this District be filed under seal.

**IT IS SO ORDERED.**

Dated:    10/9/07

_____
MARILYN HALL PATEL
United States District Judge