AMAR L. THAKUR (Cal. Bar No. 194025)
BENI SURPIN (Cal. Bar No. 216386)
JON E. MAKI (Cal. Bar No. 199958)
JOSHUA G. GIGGER (Cal. Bar No. 234508)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:    858-720-8900
Facsimile:     858-509-3691
athakur@sheppardmullin.com

NATHANIEL BRUNO (Cal. Bar No. 228118)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-9100
Facsimile:     415-434-3947
nbruno@sheppardmullin.com

Attorneys for Plaintiffs
InfoVista S.A. and InfoVista Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION, a Massachusetts corporation, and DOES 1-10, inclusive;<br><br>Defendants. | CASE NO. C-07-1197 MHP<br><br>**PLAINTIFFS' SUPPLEMENTAL STATUS REPORT**<br><br>Date:       October 22, 2007<br>Time:      3:00 P.M.<br>Judge:     Honorable Marilyn Hall Patel |

Plaintiffs to the above-entitled action submit this Supplemental Status Report in advance of the October 22, 2007 status conference.  The parties agreed to sections 1-4 and 6 below, but were not able to agree to section 5.  For that reason, defendant filed a separate supplemental status report.

1. **REPORT ON SETTLEMENT CONFERENCE:** On October 9, 2007, the parties conducted a settlement conference before Magistrate Judge Marie-Elena James. The parties were unable to resolve the case. The parties will continue to take discovery in order to prepare for dispositive motions and trial.

2. **MOTIONS:** No motions are currently pending.

3. **DISCOVERY:** Pursuant to the Court's instructions at the initial Case Management Conference, the parties conducted limited, non-deposition, discovery in order to prepare for the settlement conference. Now that the parties have completed the settlement conference, they intend to pursue broader discovery in order to prepare the claims and defenses for dispositive motion practice and trial. The parties adopt the statements regarding discovery made in the Joint Case Management Conference Statement (restated in relevant part below for the Court's convenience).

    a.    **Discovery Parties Intend to Pursue**.

        (1) <u>Plaintiffs' Statement</u>: Plaintiffs intend to conduct discovery relating to the Defendant's company and dealings, Defendant's product(s) and services, including the sales and marketing of such, Defendant's customers and market, Defendant's mark(s) and use thereof, and the affirmative defenses raised in Defendant's answer. Plaintiffs know of no appropriate, alternative methods of discovery that are available or that should be employed.

        (2) <u>Defendant's Statement</u>: Defendant intends to pursue discovery concerning Plaintiffs' companies and dealings, Plaintiffs' products and services, including sales and marketing of such; Plaintiffs' past and current customers and markets and potential customers and markets; Plaintiffs' historical and current trademark licensing practices; Plaintiffs' litigation history concerning the "INFOVISTA" trademark and the alleged InfoVista Family of Marks; Plaintiffs' bases for its alleged causes of action, including Plaintiffs' claim of actual confusion and likelihood of confusion; bases for Plaintiffs' request for award of Defendant's profits; and Plaintiffs' alleged actual damages. Defendant is not at this time aware of any appropriate, alternative methods of discovery that are available or that should be employed.

1        **b.**     **Discovery Stipulations**. The parties believe that no limit of the number of
2 document demands and requests for admission as set forth by the Federal Rules of Civil Procedure
3 should apply to this case. Subject to the Court's approval, the parties have agreed that percipient
4 witness depositions (excluding expert depositions) shall be limited to one hundred (100) hours
5 total for all witnesses per side. Depositions of expert witnesses shall be limited to seven (7) hours
6 per expert under the Federal Rules of Civil Procedure. Subject to the Court's approval, the parties
7 have agreed to increase the number of interrogatories available to each side to 30 interrogatories.
8 Additionally, the parties reserve the right to seek leave from the Court should later developments
9 reveal that additional discovery is required.

10        **c.**     **Protective Order** – There is a Stipulated Protective Order in this action.

11        **d.**     **Timing of Discovery and Other Discovery Issues** – The parties suggest
12 that fact discovery should be scheduled to be completed within eleven (11) months following the
13 status conference. The parties reserve their right to apply to the Court in the future for an order
14 either permitting further discovery or imposing additional limitations upon discovery.

15

16 **4.**     **NARROWING OF ISSUES:** The parties are not presently aware of any issues
17 that can be narrowed by agreement or motion but reserve the right to seek such narrowing and will
18 do so in conjunction with the mandatory Pretrial Conference.

19

20 **5.**     **SCHEDULING:** The parties were unable to agree on a discovery schedule.
21 Plaintiffs propose the following schedule:

22

| | |
|---|---|
| Fact discovery (non-expert) cut-off | June 20, 2008 |
| Designation of experts, disclosures and expert reports | June 30, 2008 |
| Disclosure of rebuttal experts | July 18, 2008 |
| Expert discovery cut-off | August 22, 2008 |

-2-

| | |
|---|---|
| Dispositive motion cut-off (the parties will meet and confer regarding when dispositive motions should be set for hearing.) | September 29, 2008 |
| Final Pre-Trial Conference | October 17, 2008 |
| Trial commencing (The parties anticipate a one week jury trial). | November 14, 2008 |

Defendant proposes the following schedule:

| | |
|---|---|
| Fact discovery (non-expert) cut-off | September 22, 2008 |
| Designation of experts, disclosures and expert reports | September 29, 2008 |
| Disclosure of rebuttal experts | October 20, 2008 |
| Expert discovery cut-off | November 24, 2008 |
| Dispositive motion cut-off (the parties will meet and confer regarding when dispositive motions should be set for hearing.) | December 29, 2008 |
| Final Pre-Trial Conference | January 19, 2009 |
| Trial commencing (The parties anticipate a one week jury trial). | February 16, 2009 |

**6.** **OTHER ISSUES**. Pursuant to Civil L.R. 16-10, lead trial counsel must be present at the Initial Case Management Conference unless excused by the Judge. Amar Thakur is lead trial counsel in this case but will be unavoidably detained due to a business trip out of the country. Nathaniel Bruno is familiar with and plans to participate in the case. Plaintiffs have conferred with Defendant's counsel who does not object to Mr. Bruno's appearance at the hearing in Mr. Thakur's stead. Plaintiffs will order a transcript of the Case Management Conference if necessary

-3-

1  so that Mr. Thakur will be apprised of any special instructions resulting therefrom.  In the event
2  this proposal is unacceptable to the Court, Plaintiffs request a brief, two-week continuance of the
3  Case Management Conference in order to allow Mr. Thakur to attend.

Dated:  October 15, 2007

                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                   By      /s/  Jon E. Maki
                                 AMAR L. THAKUR
                                 BENI SURPIN
                                 JON E. MAKI
                                 JOSHUA G. GIGGER

                                 Attorneys for Plaintiffs
                       InfoVista S.A. and InfoVista Corporation

-4-