AMAR L. THAKUR (State Bar No. 194025)
BENI SURPIN (State Bar No. 216386)
JON E. MAKI (State Bar No. 199958)
JOSHUA G. GIGGER (State Bar No. 234508)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: 858-720-8900
Facsimile: 858-509-3691

NATHANIEL BRUNO (State Bar No. 228118)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiffs
InfoVista S.A. and InfoVista Corporation


CHRIS R. OTTENWELLER (State Bar No. 73649)
ERIC L. WESENBERG (State Bar No. 139696)
DANIEL J. WEINBERG (State Bar No. 227159)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Defendant
EMC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMC CORPORATION, a Massachusetts corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. C-07-1197 MJJ<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 27, 2007<br>Time: 2:00 p.m.<br>Judge: Hon. Martin J. Jenkins |

Defendant EMC Corporation ("EMC") and Plaintiffs InfoVista S.A. and InfoVista Corporation (collectively, "InfoVista") respectfully submit this Joint Case Management Conference Statement in advance of the parties' November 27, 2007 Case Management Conference. This Joint Case Management Conference Statement incorporates by reference the Joint Case Management Statement previously filed in this matter. Docket Item No. 23.

## I.     FACTUAL BACKGROUND

InfoVista designs, develops, and markets software which monitors, analyzes and reports on the performance and service quality of IT infrastructure, including networks, servers and applications. InfoVista's products and services help customers monitor and optimize the quality of IT services that they are providing to their internal or external clients, primarily around the network and system infrastructure. InfoVista has spent significant time and effort and substantial sums of money promoting their products and services worldwide under the trademark INFOVISTA (Registration No. 2,129,954) and the InfoVista Family of Marks. InfoVista's primary mark, INFOVISTA, is an incontestable mark under 15 U.S.C. § 1065 as the trademark has been in continuous use for five consecutive years following federal registration in 1997 and is still in commercial use today as set forth in the Section 8 and 15 affidavits filed with the United States Patent and Trademark Office ("USPTO").

EMC is a leading developer and provider of IT infrastructure technology and solutions which organizations utilize to keep data protected, secure and continuously available. EMC sells a product called "Invista." "Invista" is an integrated hardware and software storage virtualization solution. INVISTA is a registered trademark of EMC (Registration No. 3,220,649).

The primary factual issues in dispute include the strength and enforceability of InfoVista's mark(s); the relatedness of InfoVista's and EMC's goods and services; whether EMC's product and service names are confusingly similar to InfoVista's mark(s); whether actual consumer confusion exists; the scope and nature of InfoVista's licensing practices related to its mark; the similarity of InfoVista's and EMC's marketing channels and potential clients; EMC's intent in adopting its product and service names; whether EMC's product and service names caused and/or are likely to cause confusion and/or mistake in the minds of the purchasing public, and in

particular, tend to and do falsely create and/or created the impression that the goods or services offered by EMC are authorized, sponsored or approved by InfoVista or originate from InfoVista; whether there exist facts that would warrant the award of EMC's profits and establish the amount of such profits should any of the alleged unlawful conduct be established; and InfoVista's actual damages allegedly resulting from any unlawful conduct.

## II.    LEGAL ISSUES

The parties believe that the following legal issues, as well as other issues are relevant to and are in dispute in this case. Additional legal issues may emerge during discovery.

InfoVista has alleged trademark infringement (15 U.S.C. § 1114 *et seq*. and California common law), and unfair competition (15 U.S.C. § 1125 *et seq*. and California Business & Professions Code §§ 17200 and 17500) through the use and advertising of EMC's product named "Invista."

EMC asserts that there is no likelihood of confusion between the INFOVISTA trademark and the alleged InfoVista Family of Marks and EMC's INVISTA trademark. In addition, EMC asserts legal defenses that InfoVista is barred from seeking relief by the doctrines of waiver and estoppel, acquiescence, and laches. EMC also asserts that it has a valid and properly issued registration for the trademark INVISTA (Registration No. 3,220,649), that pursuant to 15 U.S.C. §§ 1057 and 1115, EMC has the exclusive right to use that registered mark in commerce on the goods specified in the registration certificate and that InfoVista's claims interfere with that right. EMC alleges that some or all of InfoVista's claims are barred because InfoVista abandoned rights in their trademark by acts which caused the mark to lose its significance as an indication of origin.

Additionally, in the event that any of the alleged unlawful conduct is established, the principal disputed legal issues include whether any such infringement was willful and whether this is an exception case under the Lanham Act.

**III.    SETTLEMENT CONFERENCE**

On October 9, 2007, the parties conducted a settlement conference before Magistrate Judge Maria-Elena James. The parties were unable to resolve the case. The parties will continue to pursue discovery in order to prepare for dispositive motion practice and trial.

**IV.    MOTIONS**

No motions are currently pending.

**V.    DISCOVERY**

Pursuant to the Court's instructions at the initial Case Management Conference, the parties conducted limited, non-deposition, discovery in order to prepare for the settlement conference. Now that the parties have completed the settlement conference, they intend to pursue broader discovery in order to prepare the claims and defenses for dispositive motion practice and trial. The parties adopt the statements regarding discovery made in the Joint Case Management Conference Statement (restated in relevant part below for the Court's convenience).

**A.    Discovery Parties Intend to Pursue.**

**1.    Plaintiffs' statement**

InfoVista intend to conduct discovery relating to the EMC's company and dealings, EMC's product(s) and services, including the sales and marketing of such, EMC's customers and market, EMC's mark(s) and use thereof, and the affirmative defenses raised in EMC's answer. InfoVista knows of no appropriate, alternative methods of discovery that are available or that should be employed.

**2.    Defendant's statement**

EMC intends to pursue discovery concerning InfoVista's companies and dealings, InfoVista's products and services, including sales and marketing of such; InfoVista's past and current customers and markets and potential customers and markets; InfoVista's historical and current trademark licensing practices; InfoVista's litigation history concerning the "INFOVISTA" trademark and the alleged InfoVista Family of Marks; InfoVista's bases for its alleged causes of action, including InfoVista's claim of actual confusion and likelihood of confusion; bases for InfoVista's request for award of EMC's profits; and InfoVista's alleged actual damages. EMC is

not at this time aware of any appropriate, alternative methods of discovery that are available or that should be employed.

### B. Previously Agreed To Discovery Stipulations

The parties further adopt the stipulations previously agreed to by the parties. The parties believe that no limit to the number of document demands and requests for admission as set forth by the Federal Rules of Civil Procedure should apply to this case. Subject to the Court's approval, the parties have agreed that percipient witness depositions (excluding expert depositions) shall be limited to one hundred (100) hours total for all witnesses per side. Depositions of expert witnesses shall be limited to seven (7) hours per expert under the Federal Rules of Civil Procedure. Subject to the Court's approval, the parties have agreed to increase the number of interrogatories available to each side to 30 interrogatories. Additionally, the parties reserve the right to seek leave from the Court should later developments reveal that additional discovery is required.

### C. Protective Order

The Court entered a Stipulated Protective Order in this action on October 9, 2007.

### D. Timing Of Discovery And Other Discovery Issues

The parties suggest that fact discovery should be scheduled to be completed within nine months following the case management conference. The parties reserve their rights to apply to the Court in the future for an order either permitting further discovery or imposing additional limitations upon discovery.

## VI. NARROWING OF ISSUES

The parties are not presently aware of any issues that can be narrowed by agreement or motion but reserve the right to seek such narrowing and will do so in conjunction with the mandatory Pretrial Conference.

///

///

///

1  VII.  **SCHEDULING**

2  The parties propose the following schedule:

| | |
|---|---|
| Fact discovery (non-expert) cut-off | September 2, 2008 |
| Designation of experts, disclosures and expert reports | September 8, 2008 |
| Disclosure of rebuttal experts | September 29, 2008 |
| Expert discovery cut-off | November 3, 2008 |
| Dispositive motion cut-off (the parties will meet and confer regarding when dispositive motions should be set for hearing.) | December 8, 2008 |
| Final Pre-Trial Conference | December 29, 2008 |
| Trial commencing (The parties anticipate a one week jury trial). | January 26, 2009 |

15  VIII.  **TRIAL**

16  The parties have demanded a jury trial and anticipate that trial will last approximately 5 days. It may be possible to reduce the length of trial by stipulation, use of summaries, etc., but it is too early for the parties to determine whether that is the case. The parties do not believe that bifurcation of the issues is appropriate in this case.

20  / / /

21  / / /

|   |   |   |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | Dated: November 12, 2007 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

/s/ Daniel J. Weinberg /s/
Daniel J. Weinberg
Attorneys for Defendant
EMC CORPORATION

Dated: November 12, 2007    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

/s/ Jon E. Maki /s/
Jon E. Maki
Attorneys for Plaintiffs
INFOVISTA S.A. and INFOVISTA CORP.

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: November 12, 2007    Respectfully submitted,

/s/ Daniel Weinberg /s/
Daniel Weinberg

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 12, 2007.

Dated:  November 12, 2007.                    Respectfully submitted,

                                                          /s/ Daniel J. Weinberg /s/
                                                             Daniel J. Weinberg